ACCELERATED DOCKET JOURNAL ENTRY and OPINION
{¶ 1} In this accelerated appeal, appellant Stephanie Howard appeals the trial court's granting of summary judgment in favor of Beachwood Place Limited Partnership ("Beachwood Place"). She assigns the following errors for our review:
"I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT WHERE A GENUINE ISSUE OF MATERIAL FACT EXISTS AS TO THE SUBSTANTIALITY OF THE DEFECT AND THE ATTENDANT CIRCUMSTANCES SURROUNDING APPELLANT'S FALL."
"II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT WHERE A GENUINE ISSUE OF MATERIAL FACT EXISTS AS TO WHETHER THE DEFECT THAT CAUSED APPELLANT'S FALL WAS OPEN AND OBVIOUS."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.
 {¶ 3} Howard filed a complaint against Beachwood Place for injuries she sustained from a fall at the Beachwood Mall on June 11, 1999. Howard alleged that she tripped and fell as a result of uneven pavement at the mall's main entrance.
 {¶ 4} Beachwood Place filed a motion for summary judgment arguing the uneven pavement was less than two-inches in height and was, therefore, a minor defect. Beachwood Place also argued that it did not owe a duty to Howard because the condition was open and obvious.
 {¶ 5} The evidence attached to the motion for summary judgment indicated that at the time of the fall, it was late afternoon, and the weather was clear. After parking her car, Howard proceeded with her daughter and her daughter's friend to the mall entrance, where Howard tripped and fell. At the time, she was only carrying her purse; she was not carrying any packages. She stated there was the usual traffic of people walking in and out of the mall.
 {¶ 6} After her accident, Howard returned to the site of her injury with a friend who was an attorney. They took photographs of the uneven pavement and measured that the pavement was uneven by half-an-inch. Howard also noted that the pavement in front of the mall entrance was multi-textured. She admitted nothing was blocking her view of the walkway and also admitted that when standing and looking down, one could see the uneven pavement.
"Q. As you walked up through the area you were able to observe the height difference between those two adjacent tiles?
"A. Yes.
"* * *
"Q. Okay. Is there any reason why you didn't see the tile difference on the date of your accident?
"A. I wasn't looking down. I was looking normal, you know, when you walk.
"Q. Had you looked down, would you have been able to see it?
"A. If I had looked down, I would have been able to see it. I believe so.
"Q. Okay. Were you in any way distracted right before your fall, the kids doing anything unique?
"A. Abnormal, no. Just the usual."[1]
Later, Beachwood Mall's counsel again asked:
"Q. And the only — condition represented in the photograph which you believe caused you to fall was the height difference between the two adjacent stones?
"A. I believe so."[2]
 {¶ 7} When Howard's attorney questioned her, Howard contended that because of the composition of the textured surface, the uneven pavement was not easy to see.
 {¶ 8} Carol Lattig, who is the Beachwood Place Office Manager, testified in her deposition that she prepared a report on February 22, 1999, in which she noted uneven pavement outside the mall's entrance. However, she was unable to recall if the report involved the same blocks of pavement over which Howard tripped.
 {¶ 9} James Meola, who was the Beachwood Place Security Director at the time of the accident, considered the uneven pavement to be a minor defect. He stated he walked over that same area without noticing the imperfection and that a defect report would not be issued for such a minor defect.
 {¶ 10} The trial court entered summary judgment in favor of Beachwood Place. Howard now appeals.
 {¶ 11} Howard argues in her first assigned error that the trial court erred by entering summary judgment when there was a question of fact whether the uneven pavement constituted a substantial defect.
 {¶ 12} We review an appeal from summary judgment under a de novo standard of review.[3] Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.[4] Under Civ.R. 56, summary judgment is appropriate when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can reach only one conclusion which is adverse to the non-moving party.[5]
 {¶ 13} The moving party carries an initial burden of setting forth specific facts which demonstrate his or her entitlement to summary judgment.[6] If the movant fails to meet this burden, summary judgment is not appropriate; if the movant does meet this burden, summary judgment will be appropriate only if the non-movant fails to establish the existence of a genuine issue of material fact.[7]
 {¶ 14} A business owner or occupier is generally not liable for minor defects in sidewalks and walkways because pedestrians should expect to encounter these common deviations.[8] In this case, the evidence indicated the pavement was uneven by half-an-inch. In Kimball v.Cincinnati,[9] the Ohio Supreme Court pronounced what has become known as the "two-inch rule." This rule provides that a less than two-inch difference in elevation in a sidewalk or walkway is insubstantial as a matter of law and not actionable.
 {¶ 15} In Cash v. Cincinnati,[10] the Ohio Supreme Court created an exception to the two-inch rule by stating that attendant circumstances could convert a minor defect into a substantial one. Although other courts have gone on to hold that Cash creates a rebuttable presumption to the two-inch rule, the Court in Cash specifically stated that theKimball rule was not "abandoned" or "revised" by its holding.[11] The Court made clear that it was differentiating its sidewalk-elevation case from those where elevation was the only issue, like in Kimball.
 {¶ 16} In Cash, the elevation was less than two-inches in height. However, the Court found the following facts were attendant circumstances, which increased the danger of the defect: (1) it was located in the area of a busy crosswalk where the pedestrians' attention was diverted by traffic lights and the surrounding vehicular and pedestrian traffic, (2) the plaintiff encountered the defect in the midst of a lunch hour crowd, which obstructed her view of the defect, and (3) the depression was twelve to fourteen inches wide and traversed at least three feet of the crosswalk.[12] The Court found these surrounding circumstances created a jury question regarding whether the defect was trivial.
 {¶ 17} Here, Howard contends the fact that the pavement was multi-textured constitutes an attendant circumstance. We disagree.
 {¶ 18} The court in Stockhauser v. Archdiocese of Cincinnati
explained:[13]
"To render a minor defect substantial, attendant circumstances must not only be present, but must create a greater than normal, and hence substantial, risk of injury. * * * The attendant circumstances must, taken together, divert the attention of the pedestrian, significantly enhance the danger of the defect, and contribute to the fall."
 {¶ 19} Howard admitted in her deposition that if she had been looking down as she walked, she would have seen the uneven pavement. After being questioned by her attorney, she claimed the multi-textured surface made it difficult to see the difference in elevation. However, we do not think this fact creates the same type of attendant circumstances detailed in the Cash case.
 {¶ 20} Although the photographs depict a multi-textured surface, the surface is not unusual and is of the type regularly encountered by pedestrians. Also, Howard did not state she fell because the defect was hard to see, but because she was not looking down as she walked. Therefore, because she admitted she was not looking down as she walked, the multi-textured surface did not "create a greater risk than normal," "divert" her attention, or "significantly enhance the danger of the defect and contribute to the fall."[14]
 {¶ 21} Additionally, although Howard argues the mall's security director admitted that he stepped over the area without noticing the defect, it was because he considered the elevation to be insignificant and not because the multi-textured surface concealed the defect. Also, although three months prior to the fall the mall issued a defect report for uneven slabs at the mall entrance, there was no evidence the report concerned the slab where Howard fell.
 {¶ 22} The cases cited by Howard in support of her argument that the multi-textured surface constitutes an attendant circumstance are distinguishable. In Goldshot v. Romano's Macaroni Grill,[15] the court found several factors taken together created a jury question whether the difference in elevation was a substantial defect: (1) the traffic of people leaving the restaurant was distracting, (2) insufficient lighting coupled with the color of the sidewalk made the defect hard to see, and (3) several previous accidents occurred at the same spot. Howard's case does not have this accumulation of factors. The court in Goldshot did not find the color of the sidewalk alone constituted an attendant circumstance. Further, Howard admitted she would have seen the defect if she had looked where she was walking. The multi-textured surface did not contribute to her fall.
 {¶ 23} Howard also cites to the cases of Horner v. Jiffy LubeInternational,[16] Klauss v. Marc Glassman, Inc.,[17] and Collins v.McDonald's Corporation.[18] However, they do not involve the two-inch rule set forth in Kimble and therefore are not applicable.
 {¶ 24} Thus, we conclude the half-inch elevation between the slabs was a minor defect of the kind that pedestrians should reasonably anticipate encountering. Therefore, according to Kimble, the defect is not actionable as a matter of law. Accordingly, Howard's first assigned error is overruled.
 {¶ 25} In her second assigned error, Howard argues that there was an issue of fact whether the defect was open and obvious. We find this assigned error to be moot based on our conclusion that the less than two-inch deviation was not actionable as a matter of law.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, J., and McMonagle, J., Concur.
[1] Howard Depo. at 38.
[2] Howard Depo. at 57.
[3] Baiko v. Mays (2000), 140 Ohio App.3d 1, citing Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35; Northeast Ohio Apt. Assn.v. Cuyahoga Cty. Bd. of Commrs. (1997), 121 Ohio App.3d 188.
[4] Id. at 192, citing Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704.
[5] Temple v. Wean United, Inc. (1997), 50 Ohio St.2d 317, 327.
[6] Dresher v. Burt, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107.
[7] Id. at 293.
[8] Stockhauser v. Archdiocese of Cincinnati (1994), 97 Ohio App.3d 29,32.
[9] (1953), 160 Ohio St. 370.
[10] (1981), 66 Ohio St.2d 319.
[11] Id. at 323-324.
[12] Id. at 324-325.
[13] Supra at 33.
[14] Stockhauser, supra.
[15] 2nd Dist. No. 19023, 2002-Ohio-2159.
[16] 10th Dist. No. 01AP-1054, 2002-Ohio-2880.
[17] Cuyahoga App. No. 84799, 2005-Ohio-1306.
[18] Cuyahoga App. No. 83282, 2004-Ohio-4074.