DECISION AND JUDGMENT ENTRY
{¶ 1} Appellants, Lois and John Plock, appeal the judgment of the Lucas County Court of Common Pleas, which granted summary judgment to appellee, BP Products North America, Inc. ("BP"). On the morning of April 20, 2003, appellants drove to a BP filling station and parked in a space in front of the building. Lois, intending to enter the store to buy various items, allegedly slipped and fell on an oily substance as she exited the passenger side of the vehicle, and injured her ankle.
 {¶ 2} Appellants filed a complaint alleging negligence and loss of consortium. The trial court granted summary judgment to BP on the grounds that the oily substance upon which Lois Plock fell was an open and obvious hazard against which BP had no duty to warn. Appellants timely appealed, and now assign as error:
 {¶ 3} "The court erred in granting summary judgment for defendant BP Products North America, Inc."
 {¶ 4} In reviewing a grant of summary judgment, an appellate court employs a de novo standard of review, conducted without deference to the trial court's decision. Lorain Natl. Bank v.Saratoga Apts. (1989), 61 Ohio App.3d 127, 129; Brewer v.Cleveland City Schools Bd. of Edn. (1997), 122 Ohio App.3d 378,383; Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. Summary judgment is properly granted when the evidence, construed most strongly in favor of the nonmoving party, demonstrates that there is no genuine issue of material fact and that reasonable minds can come to only one conclusion. Id.; Civ.R. 56(C).
 {¶ 5} Initially, the moving party must demonstrate that "there are no genuine issues of material fact concerning an essential element of the opponent's case." Dresher v. Burt
(1996), 75 Ohio St.3d 280, 292. If the moving party "affirmatively shows that the nonmoving party has no evidence to support that party's claims," then the nonmoving party has a reciprocal burden to "set forth specific facts showing that there is a genuine issue for trial." Harless v. Willis DayWarehousing (1978), 54 Ohio St.2d 64, 66, citing Civ.R. 56(E). Only if the nonmoving party fails to carry its reciprocal burden may judgment as a matter of law be entered in the moving party's favor. Throughout the summary judgment analysis, all inferences from the evidence must weigh in the nonmoving party's favor. An appellate court, reviewing a grant of summary judgment, also examines the record in the light most favorable to the party opposing the motion. Engel v. Corrigan (1983),12 Ohio App.3d 34, paragraph one of the syllabus.
 {¶ 6} Neither party disputes that Lois Plock was a business invitee on BP's premises. As a property owner, BP has a "duty of ordinary care in maintaining the premises in a reasonably safe condition and has the duty to warn its invitees of latent or hidden dangers." Armstrong v. Best Buy Co., 99 Ohio St.3d 79,80, 2003-Ohio-2573, at ¶ 5. "The `open and obvious' doctrine states that an owner or occupier of property owes no duty to warn invitees entering the property of open and obvious dangers on the property. Sidle v. Humphrey (1968), 13 Ohio St.2d 45, at paragraph one of the syllabus; Paschal v. Rite Aid Pharmacy,Inc. (1985), 18 Ohio St.3d 203. The rationale behind the doctrine is that the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves."Simmers v. Bentley Constr. Co. (1992), 64 Ohio St.3d 642, 644. When applicable, the doctrine "acts as a complete bar to any negligence claims." Armstrong, 99 Ohio St.3d at 80.
 {¶ 7} Since the doctrine "relates to the threshold issue of duty," id. at 82, courts must consider "the nature of the dangerous condition itself, as opposed to the nature of the plaintiff's conduct in encountering it." Id. The issue of whether a hazard is open and obvious may be decided as a matter of law when no factual issues are disputed. Nageotte v. Cafaro Co. etal., 160 Ohio App.3d 702, 710, 2005-Ohio 2098, at ¶ 28, citingArmstrong v. Best Buy Co., supra.
 {¶ 8} In Anaple v. Standard Oil Co. (1955),162 Ohio St. 537, predating Sidle, the Ohio Supreme Court held that a plaintiff injured by an oil spill who seeks to recover against the owner of a gasoline service station must prove:
 {¶ 9} "1. That the nature, size, extent and location of such grease spot involved a potential hazard to customers, sufficient to justify a reasonable conclusion that the duty of ordinary care, which the operator of such service station owes to his customers, would require such operator to prevent or remove such a grease spot or to warn his customers about it, and
 {¶ 10} "2. (a) That such sufficient potential hazard was created by some negligent act of the operator of the service station or his employees, or
 {¶ 11} "(b) That such operator or his employees had, or should in the exercise of ordinary care have had, notice of that potential hazard for a sufficient time to enable them in the exercise of ordinary care to remove it or to warn customers about it." Id., at paragraph one of the syllabus.
 {¶ 12} Following Anaple, and applying the open and obvious doctrine, "courts generally have been unwilling to attach liability for conspicuous oil spills located in an area of the premises where a patron would reasonably expect to encounter them." Pokrivnak v. Par Mar Oil Co. (Nov. 6, 2000), 4th Dist. No. 99CA31. "Liability usually becomes an issue when an oil spill is in an `unusual' place where an individual would not expect to encounter such a spill." Id. The issue of an oil spill's location is relevant considering that "[w]here dangers are claimed to be `unseen,' the duty of due care depends upon `whether one should be aware of the danger [and] * * * the likelihood of encountering danger.' Grossnickle v. Village of Germantown (1965),3 Ohio St.2d 96, 104." Preble v. Superamerica (Oct. 20, 1995), 6th Dist. No. S-94-033. Thus, if the nature, size, and location of the oil is such that it is an open and obvious hazard, then the plaintiff is precluded from proving the first element ofAnaple.
 {¶ 13} For example, issues of fact have precluded summary judgment where a customer slipped and fell on oil accumulated on an area designated as a walkway. Diehlman v. Braunfels (Aug. 1, 1997), 6th Dist. No. L-96-357, distinguishing Parras v. StandardOil Co. (1953), 160 Ohio St. 315 (holding that "it is a matter of common knowledge that motor vehicles leak or drop oil or grease, both in travel and while parked." See, also, Collins v.Emro Marketing Co. (May 11, 1999), 10th Dist. No. 98AP-1014 (finding that area upon which the plaintiff fell "resembled a sidewalk or cashier area, where a customer would not expect oil to accumulate."); Condorodis v. Allright Cincinnati, Inc. (Aug. 23, 1995), 1st Dist. No. C-940882 (although oil on parking garage floor was open and obvious, "[t]here may well be instances where oil is not open and obvious, as in unlit areas, hidden slippery spots, or areas without vehicle traffic.").
 {¶ 14} Appellants argue that the trial court failed to consider that, in the activity of stepping out of the passenger side of a vehicle, an ordinary person does not watch where they are stepping when they put their foot out of the door. As Lois explained in her deposition: "You open the door with one hand, you put one leg out and start shifting the weight on to that leg and pushing up with your leg that's inside the car. Normal body mechanics. My problem was the traction wasn't there. There was an oil slick." When she was asked why she did not look before she stepped out of the car, she stated, "Because the door was opening, you are putting your leg out and getting out like every normal person does." She acknowledged, however, that had she looked at the ground before stepping out of the door, she would have seen the oil slick underneath her.
 {¶ 15} "Attendant circumstances," an exception to the open and obvious doctrine, include "any distraction that would come to the attention of a pedestrian in the same circumstances and reduce the degree of care an ordinary person would exercise at the time." McGuire v. Sears, Roebuck Co. (1996),118 Ohio App.3d 494, 499, quoting France v. Parliament Park Townhomes
(Apr. 27, 1994), 2d Dist. No. 14264. "The attendant circumstances must, taken together, divert the attention of the pedestrian, significantly enhance the danger of the defect, and contribute to the fall. * * * Both circumstances contributing to and those reducing the risk of the defect must be considered." Id., quotingStockhauser v. Archdiocese of Cincinnati (1994),97 Ohio App.3d 29, 33-34. However, attendant circumstances do not include the customer's activity at the moment of the fall, unless the customer's attention was diverted by an unusual circumstance of the property owner's making. See McGuire,118 Ohio App.3d at 498. Also, in order to preclude a conclusion that a hazard is open and obvious, the attendant circumstances must render the hazard "foreseeably unsafe," id., or "unreasonably increase the typical risk of a harmful result of an event." Hudspath v.Cafaro Co., 11th Dist. No. 2004-A-0073, 2005-Ohio-6911, at ¶ 19. See, also, Isaacs v. Meijer, Inc., 12th Dist. No. CA2005-10-098, 2006-Ohio-1439. "The determination of whether a hazard is latent or obvious depends upon the particular circumstances surrounding the hazard. In a given situation, factors may include lighting conditions, weather, time of day, traffic patterns, or activities engaged in at the time." Greenv. China House (1997), 123 Ohio App.3d 208, 212.
 {¶ 16} In his deposition, John Plock described the substance upon which Lois fell as "a couple of feet wide by three or four feet long." Lois said the spot was "large," and "appeared to be thick." We can easily conclude from their descriptions of the size and location of the oil spot that had Lois looked before stepping out of the vehicle, she would have seen the hazard. Also, the photographs attached as exhibits to depositions which depict the area in which the oil spot was allegedly located show nothing more than oil stains, as they were taken days after the accident occurred. The stains are located in an area marked with parking spaces in front of the storefront.
 {¶ 17} In their depositions and in their affidavits, no employee of BP present at the filling station the day of Lois' injury admitted seeing an oil spot, and they testified to their usual practice of patrolling the parking area regularly in order to look for such spots. Employees were equipped with a substance tailored to dry oil spills, and were trained to immediately cover any oil spill with that substance.
 {¶ 18} "The fact that a plaintiff was unreasonable in choosing to encounter the danger is not what relieves the property owner of liability. Rather, it is the fact that the condition itself is so obvious that it absolves the property owner from taking any further action to protect the plaintiff."Armstrong, 99 Ohio St.3d at 82. Appellants have focused their arguments upon Lois' reasonable action in not looking while she stepped from the car; such focus is misplaced. The activity of stepping out of a vehicle is routinely performed in gas station parking spaces, and any "diversion" Lois experienced was not appellee's creation. The alleged spill would clearly have been of a size and located in a place where motorists and customers would expect to routinely encounter them. Lois acknowledged that, had she looked where she was stepping before she attempted to exit her vehicle, she would have seen the spot. Thus, the trial court properly concluded as a matter of law that the alleged spill was open and obvious. Moreover, appellants have advanced no issue of material fact relating to whether employees of BP had knowledge of the oil spill, or whether they were responsible for causing the oil spill to occur or remain on the ground for any length of time. Appellants' assignment of error is therefore not well-taken.
 {¶ 19} For the foregoing reasons, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Singer, P.J. Glasser, J. Parish, J. concur.