DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a summary judgment granted by the Ottawa County Court of Common Pleas in favor of a municipality in a "slip and fall" case. Because we conclude that the alleged sidewalk defect was less than two inches high, was open and obvious, and was not elevated in danger by any attendant circumstances, we affirm. *Page 2 
 {¶ 2} On June 6, 2005, appellants, Betty Stinson and Paul Stinson,[1] filed a complaint against appellee, John D. Kirk,[2]
alleging that Kirk was negligent in maintaining his driveway as it crossed a sidewalk, resulting in more than a three inch grade separation between the driveway and sidewalk. The complaint further alleged that Kirk failed to adequately warn pedestrians of the danger. On April 6, 2006, Stinson amended the complaint to include the city of Port Clinton as a co-defendant ("city").
 {¶ 3} In July 2006, the city filed a motion for summary judgment, asserting it owed no duty to appellants because the alleged defect in the sidewalk, over which Stinson fell, was: 1) minor and 2) an open and obvious condition, of which Stinson was aware. The city argued that no duty was owed to Stinson under applicable Ohio law because defects measuring less than two inches in height are considered insubstantial as a matter of law unless rebutted by showing attendant circumstances sufficient to render the defect substantial.
 {¶ 4} Testimony garnered from Stinson's and Kirk's depositions reveals that at approximately 8:00 a.m., on September 28, 2004, in Port Clinton, Ohio, Betty Stinson tripped in front of the premises owned by John Kirk, suffering serious injuries to her jaw. Stinson stated that she tripped over a gap between the concrete public sidewalk and *Page 3 
Kirk's asphalt driveway after being distracted by Kirk's children who were entering the family's van. Stinson further stated that she had traversed this particular patch of sidewalk more than forty times over the previous five years and had specifically noted the possible danger that the gap presented.
 {¶ 5} In support of its motion for summary judgment, the city filed the affidavit of Fred Bice, Service Department Supervisor for the city. Bice averred that the elevation difference between the sidewalk and driveway in question was one and one-half inches. Photographs taken by Bice showing this measurement were referenced in the affidavit and attached to the motion.
 {¶ 6} In response, appellants filed the affidavit of her expert, John A. Feick, who measured the height differential between the sidewalk and the driveway to be one and one quarter inches. Feick also measured the height differential between the top of the sidewalk and the center of the driveway and found the difference to be four inches. Appellants opposed the city's motion, arguing that recovery should not be barred because 1) the height of the defect should be measured in total, and not solely at the initial point of the defect thereby allowing recovery and 2) a defect in a sidewalk cannot be adjudged to be open and obvious.
 {¶ 7} On August 30, 2006, the trial court granted summary judgment to the city. Pursuant to Civ.R. 54(B) the trial court found that there is no just reason for delay as to the final judgment against the city of Port Clinton.
 {¶ 8} Appellants now argue the following three assignments of error: *Page 4 
 {¶ 9} "I: Appellee City of Port Clinton's Motion for Summary Judgment should have been denied because genuine issues of material fact existed, including the actual height of the sidewalk that caused the fall."
 {¶ 10} "II: Appellee City of Port Clinton's Motion for Summary Judgment should have been denied because a defect in a sidewalk cannot be adjudged to be open and obvious."
 {¶ 11} "III: Appellee City of Port Clinton's Motion for Summary Judgment should have been denied because attendant circumstances existed at the time of Appellant's fall which would have prevented the appellant from clearly observing any defect in the elevation of the sidewalk as it crossed the driveway."
 {¶ 12} An appellate court's standard of review of a trial court's grant of summary judgment is de novo, applying the same standard utilized by the trial court. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Summary judgment is proper where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) when the evidence is viewed most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, a conclusion adverse to the nonmoving party. Civ.R. 56(C); Sancrant v. Elliot, 6th Dist. No. L-05-1385,2006-Ohio-3609, ¶ 7. With this standard in mind, we will now review appellants' assignments of error. *Page 5 
 I. {¶ 13} In appellants' first assignment of error, she argues that the four inch height difference between the sidewalk and the center crest of the driveway should be considered when applying the two inch rule to determine the substantiality of the defect.
 {¶ 14} To recover on a negligence claim, "a plaintiff must prove (1) that the defendant owed the plaintiff a duty, (2) that the defendant breached that duty, and (3) that the breach of the duty proximately caused the plaintiffs injury." Chambers v. St. Mary's School (1998),82 Ohio St.3d 563, 565, citing Wellman v. E. Ohio Gas Co. (1953),160 Ohio St. 103, 108-109. Cities are generally not liable for minor defects in public sidewalks because such defects are common and should be expected by pedestrians. Kimball v. Cincinnati (1953), 160 Ohio St. 370, 373-374. Minor defects are determined to be insubstantial if they are less than two inches in height unless attendant circumstances are shown to elevate the defect to an unreasonably dangerous condition. Cash v.Cincinnati (1981), 66 Ohio St.2d 319, 321. Thus, where an alleged defect is minor or insubstantial, no duty exists. Id.
 {¶ 15} In this case, both parties' experts agree and photographic evidence demonstrates that the height separation between the sidewalk and driveway, measures less than two inches in height at the point where Stinson allegedly tripped. Consequently, the claimed defect is insubstantial and is barred by the two-inch rule.
 {¶ 16} Appellants argue that an issue of fact is created because the gradual incline to the height of four inches at the center crest of the driveway should be the area to be *Page 6 
considered, rather than the gap and drop off area between the sidewalk and the driveway. Application of the two-inch rule to a gradual incline is simply illogical, since the rule's purpose is to determine whether a sudden change in elevation from one spot to another is high enough to pose a danger. By its very nature, a gradual incline cannot be included under the two-inch rule, since it is a minor change in elevation, the opposite of the potential danger represented by a sudden drop-off. Therefore, we conclude that appellants' argument is without merit.
 {¶ 17} Accordingly appellants' first assignment of error is not well-taken.
 II. {¶ 18} Appellants next argue, in their second assignment of error, that a defect in a sidewalk cannot be adjudged to be open and obvious.
 {¶ 19} Under Ohio's "open and obvious" doctrine, an occupier or owner of premises is under no duty to protect or warn against dangers where the "nature of hazard itself serves as a warning" to persons entering the premises. Armstrong v. Best Buy Co., Inc., 99 Ohio St.3d 79, 80,2003-Ohio-2573 ¶ 5; Simmers v. Bentley Constr. Co. (1992),64 Ohio St.3d 642, 644. The underlying theory of the doctrine is that persons entering the premises may reasonably be expected to "discover those dangers and take appropriate measures to protect themselves." Simmers, supra. See, also, Armstrong v. Meade, 6th Dist. No. L-06-1322, 2007-Ohio-2820, ¶ 7.
 {¶ 20} The Supreme Court of Ohio has specifically held that, "One who voluntarily goes upon a sidewalk of a city, which is obviously, and by him known to be, *Page 7 
in a dangerous condition, cannot recover on account of injuries which he may thereby sustain,* * *." Norwalk v. Tuttle (1906), 73 Ohio St. 242, paragraph two of the syllabus. See, also, Jenks v. Barberton, 9th Dist. No. 22300, 2005-Ohio-995, ¶ 12-14, (3.75 inch defect in a sidewalk was open and obvious); Quinn v. Montgomery Cty. Educational Serv. Ctr., 2d Dist. No. Civ.A. 20596, 2005-Ohio-808, ¶ 25, (severely deteriorated condition of a sidewalk was an open and obvious danger).
 {¶ 21} In the instant case, Stinson herself testified that she had traversed the allegedly defective area in excess of forty times over the five years prior to her fall. Furthermore, she acknowledged that she was aware of the condition of the sidewalk and any potential for danger. Therefore, the record shows that the city owed no duty to warn, since any alleged defect in the sidewalk was open and obvious, and Stinson was specifically aware of any possible danger.
 {¶ 22} Accordingly, appellants' second assignment of error is not well-taken.
 III. {¶ 23} In their third assignment of error, appellants argue that attendant circumstances elevated the danger of the defect. We disagree.
 {¶ 24} As previously discussed, minor defects which are less than two inches in height are deemed to be insubstantial. Cash v.Cincinnati, supra. Nevertheless attendant circumstances may elevate a minor defect to the equivalent of a substantial and dangerous defect. Id., at 321. In order for an attendant circumstance to be found to elevate a minor defect, the circumstance must create a greater than normal or substantial *Page 8 
risk of injury. Howard v. Beachwood Place, 8th Dist. No. 85383,2005-Ohio-3414, ¶ 18. Stated another way, the circumstance must not only divert the attention of the pedestrian but must also significantly enhance the danger of the defect. Stockhauser v. Archdiocese ofCincinnati (1994), 97 Ohio App.3d 29, 33. Attendant circumstances must be such that a reasonable trier of fact could find that the defect was substantial and unreasonably dangerous in order to prevent summary judgment for the defendants. Shainker v. City of Cleveland (Mar. 2, 1989), 8th Dist. No. 55083.
 {¶ 25} Examples of elevating attendant circumstances are poor lighting, large volume of pedestrian traffic, heavy vehicular traffic, visibility of the defect, the overall condition of the walkway, and whether the accident site is such that one's attention would be easily distracted. Humphries v. C.B. Richard Ellis, Inc., 10th Dist. No. 05AP-483, 2005-Ohio-6105, ¶ 20. "Attendant circumstances do not include a plaintiffs activity at the time of her fall, unless the plaintiffs attention was diverted by an unusual circumstance created by the property owner." Plock v. BP Products N.A. Inc, 6th Dist. No. L-05-1423,2006-Ohio-5472, ¶ 15 (emphasis added). In addition, the attendant circumstances must create a hazard which is "foreseeably unsafe" or must unreasonably increase the risk of harm. Id.
 {¶ 26} Appellants claim that the nearby act of appellee's children entering a family vehicle was a sufficient attendant circumstance to divert her attention and elevate the danger of the defect in the sidewalk. However, appellants did not claim that this circumstance obscured her visibility or had any physical relationship to the defect. *Page 9 
Additionally, the normal activities of a residential area, such as children entering a family vehicle, though possibly distracting, would not significantly enhance the danger of a minor defect in a sidewalk because it is not an unusual circumstance. Therefore, we conclude that appellants failed to demonstrate that any attendant circumstances significantly diverted her attention or enhanced any dangerous condition.
 {¶ 27} Accordingly, appellants' third assignment of error is not-well taken.
 {¶ 28} The judgment of the Ottawa County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
JUDGMENT AFFIRMED
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., William J. Skow, J., Thomas J. Osowik, J., Concur.
[1] Appellant Paul Stinson is the husband of Betty Stinson. For clarity, we will refer to appellant Betty Stinson in the singular throughout the remainder of this decision.
[2] Doris K. Kirk, wife of John D. Kirk, was included as co-defendant. For clarity, we will refer to John D. Kirk in the singular throughout the remainder of the decision. *Page 1