[Cite as *Moxley v. Ohio Expositions Comm.*, 2010-Ohio-5684.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MICHELLE MOXLEY

    Plaintiff

    v.

OHIO EXPOSITIONS COMMISSION,
et al.

    Defendants
    Case No. 2008-08841

Judge Clark B. Weaver Sr.

DECISION

{¶ 1} Plaintiff brought this action alleging negligence against defendants, the Ohio Expositions Commission (OEC) and the Ohio Department of Natural Resources (ODNR). The issues of liability and damages were bifurcated and the case proceeded to trial on the issue of liability.

{¶ 2} Plaintiff alleges that on August 7, 2006, she suffered personal injury when she fell while walking on an asphalt path in the ODNR exhibit of the Ohio State Fairgrounds. According to plaintiff, she was carrying her grandchild on her hip while she was walking beside her daughter. She asserted that she felt her foot step into a hole and that, as she started to fall, her daughter grabbed the child from her arms in order to prevent the child from being injured. Plaintiff stated that her foot began to swell immediately and that she was unable to get up off the ground. After other persons helped her up, plaintiff was transported by cart to a first aid station nearby. Plaintiff maintains that defendants are liable for failure to warn her of this inherently dangerous condition and to properly maintain and repair the walkway.

{¶ 3} Defendants deny liability and contend that the defect in the walkway surface was a minor depression that was open, obvious, and visible to pedestrians. As such, defendants contend that they had no duty to warn plaintiff of the condition and that plaintiff suffered an injury due to her own negligence in failing to observe where she was walking.

{¶ 4} "In premises liability situations, the duty owed by a landowner to individuals visiting the property is determined by the relationship between the parties." *Chovan v. Dehoff Agency, Inc.*, Stark App. No. 2009 CA 00114, 2010-Ohio-1646, ¶19, citing *Light v. Ohio University* (1986), 28 Ohio St.3d 66. "[B]usiness invitees are persons who come upon the premises of another, by invitation, express or implied, for some purpose which is beneficial to the owner." *Light* at 68. Based on plaintiff's status as an invitee, the court finds that defendants owed her a duty to exercise reasonable care in keeping the premises in a safe condition and warning her of any latent or concealed dangers which defendants had knowledge. *Perry v. Eastgreen Realty Company* (1978), 53 Ohio St.2d 51, 52-53; *Presley v. Norwood* (1973), 36 Ohio St.2d 29, 31; *Sweet v. Clare-Mar Corp., Inc.* (1987), 38 Ohio App.3d 6.

{¶ 5} However, a property owner is under no duty to protect an invitee from dangers known by the invitee or conditions that are so obvious and apparent to the invitee that she should reasonably be expected to discover and protect against them herself. *Paschal v. Rite Aid Pharmacy* (1985), 18 Ohio St.3d 203, 203-204; *Sidle v. Humphrey* (1968), 13 Ohio St.2d 45, paragraph one of the syllabus; *Brinkman v. Ross*, 68 Ohio St.3d 82, 84, 1993-Ohio-72.

{¶ 6} Plaintiff testified that although it was a sunny day, several portions of the walkway were shaded due to the numerous leafy trees lining the walkway. According to plaintiff, she and her family had earlier walked this same path in the opposite direction heading to the fishing pond. She was leaving the ODNR area on the same path when she fell. Plaintiff claimed that the walkway was crowded and that she was not able to see ahead due to the volume of pedestrians in front of her. On cross-examination, plaintiff admitted that had she looked down while she was walking, she would have been able to see the walkway in front of her, as the nearest persons were approximately an arm's length ahead of her. According to plaintiff, she could not estimate how deep the hole was, and no one from her group measured the depth of the hole that day.

{¶ 7}   Laura Roth testified that she has worked for over ten years at the ODNR exhibit at the fairgrounds, that ODNR is responsible for maintaining the grounds in this area, and that during the state fair she inspects the walkways at least daily.   She described the area where plaintiff fell as a slight depression, not a "trip-hazard."

{¶ 8}   Jeff Moseley testified that he had been employed as a state highway patrolman in 2006 and that he had worked 12-hour shifts at the fairgrounds that year. He recalled that he first encountered plaintiff when he was called to the first aid station and that he completed a report concerning her fall.   Trooper Moseley related that he then went to view the area where she had fallen and that he located a slight depression in the asphalt that he described as approximately 3/4 to one inch in depth.   On cross-examination, Moseley stated that he thoroughly checked the area and that he did not see anything that he considered to be a hazard.

{¶ 9}   In *Kimball v. Cincinnati* (1953), 160 Ohio St. 370, the Supreme Court of Ohio stated that a minor difference in elevation in a sidewalk is a "slight defect commonly found in sidewalks."   Id. at the syllabus.   In *Cash v. Cincinnati* (1981), 66 Ohio St.2d 319, 324; however, the Supreme Court of Ohio cautioned that "all the attendant circumstances should be considered in determining liability for defects in the public walkway occasioning the injuries."

{¶ 10} Defendant submitted photographs of the portion of the sidewalk where plaintiff fell.   The photographs depict a shallow saucer-shaped depression in the asphalt.  (Defendant's Exhibits J, K.)   The photographs show areas that are sunlit and others that are shaded, the surface is not unusual and is of a type regularly encountered by pedestrians.   Inasmuch as plaintiff was not looking down at the path when she fell, the lighting did not create a greater risk than normal.   In addition, although there were other persons ahead of her, the court finds that the presence of other pedestrians did not cause the type of attendant circumstances as contemplated in the *Cash* case.   See *Howard v. Beachwood Place*, Cuyahoga App. No. 85383, 2005-Ohio-3414.

{¶ 11} The mere fact that plaintiff tripped does not establish any negligence on the part of defendant.   *Green v. Castronova* (1966), 9 Ohio App.2d 156, 161; *Kimbro v. Konni's Supermarket, Inc.* (June 27, 1996), Cuyahoga App. No. 69666; *Costidakis v. Park Corporation* (Sept. 1, 1994), Cuyahoga App. No. 66167.   A property owner "is generally not liable for minor defects in sidewalks and walkways because these are

commonly encountered and pedestrians should expect such minor defects." *Blain v. Cigna Corp.*, Franklin App. 02AP-1442, 2003-Ohio-4022, ¶8, citing *Stockhauser v. Archdiocese of Cincinnati* (1994), 97 Ohio App.3d 29, 32.

{¶ 12} Based on the testimony and evidence presented, the court concludes that the depression in the sidewalk was minor and that plaintiff failed to prove her fall was caused by any hidden or hazardous condition on defendants' premises. Inasmuch as the court finds that the condition was not an unreasonable danger, defendants owed no duty to repair it or warn pedestrians. See *Denny v. State Univ.* (Aug. 21, 1997), Franklin App. No. 97API02-278. Accordingly, judgment shall be rendered in favor of defendants.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MICHELLE MOXLEY

Plaintiff

v.

OHIO EXPOSITIONS COMMISSION,
et al.

Defendants

Case No. 2008-08841

Judge Clark B. Weaver Sr.

<u>JUDGMENT ENTRY</u>

This case was tried to the court on the issue of liability. The court has considered the evidence and for the reasons set forth in the decision filed concurrently herewith, judgment is rendered in favor of defendants. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
CLARK B. WEAVER SR.
Judge

cc:

Amy S. Brown
John P. Reichley
Assistant Attorneys General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Clarence T. Gordon II
394 West Second Avenue
Columbus, Ohio 43201-3312

SJM/mdw/cmd
Filed October 12, 2010
To S.C. reporter November 18, 2010