DECISION AND JUDGMENT ENTRY
{¶ 1} Appellants, Nancy Durham and Todd Durham, appeal the judgment of the Lucas County Court of Common Pleas, granting summary judgment to appellee, Major Magic's All Star Pizza Revue, Inc. ("Major Magic's"). For the reasons set forth below, we reverse.
 {¶ 2} On March 21, 2003, Nancy and Todd Durham, along with some family members, went to Major Magic's for their son's birthday party. Todd ordered food, and the children with the party went into a game room to play. Nancy and other family members sat at a table, waiting for their food order. At some point, Nancy went into the game room to tell the children to eat. A ramp connected the raised seating area to the lower-level game room. Afterwards, Nancy went from the game room through a television room, intending to return to the seating area. Another ramp connected the lower level game room to the raised television room.
 {¶ 3} As Nancy was crossing the television room, the intercom announced that their food order was ready to be picked up. Nancy changed course, making a right turn toward a doorway which connected the television room to the food area. In the doorway, a single step leads patrons down from the raised television room to the food area. Nancy, however, was not looking down as she walked, but looking up and forward because a lighted display showing order numbers was directly ahead in the food area. As she passed through the doorway from the television room to the food area, she fell, sustaining injury.
 {¶ 4} Nancy Durham testified that she was unaware that the stair existed and that she did not see it before her fall. Explaining the circumstances of her fall, she stated that she walked through the doorway and "suddenly there was no more floor." She claimed that appellee was negligent in failing to warn her of the danger the stair posed. Todd advanced a claim for loss of consortium.
 {¶ 5} After some discovery and depositions, appellee moved for summary judgment. Appellants responded with an affidavit from Nancy Durham. The trial court granted summary judgment for appellee on the basis of appellants' failure to submit specific, provable facts regarding the proximate cause of Nancy's fall.
 {¶ 6} Appellants set forth a single assignment of error:
 {¶ 7} "The trial court improperly granted defendant's motion for summary judgment because plaintiff provided evidence that she was caused to fall by a step in a doorway that she did not see, did not know existed and in the exercise of ordinary care should not have known existed."
 {¶ 8} An appellate court reviews a grant of summary judgment with the same standard as the trial court. Smiddy v. The Wedding Party, Inc.
(1987), 30 Ohio St.3d 35, 36. Pursuant to Civ.R. 56, a trial court is required to construe the evidence in a light most favorable to the non-moving party, determine whether any genuine issues of material fact exist, and determine whether reasonable minds could differ as to whether judgment should be entered against the non-moving party. Civ.R. 56(C). An appellate court, reviewing a grant of summary judgment, also examines the record in the light most favorable to the party opposing the motion.Engel v. Corrigan (1983), 12 Ohio App.3d 34, paragraph one of the syllabus.
 {¶ 9} The parties agree that appellants were business invitees. Ordinarily, the owner of a business premises owes a business invitee a duty of ordinary care to maintain the premises in a reasonably safe condition and to warn the invitee of any known or discoverable latent dangers on the premises. Paschal v. Rite Aid Pharmacy, Inc. (1985),18 Ohio St.3d 203; Perry v. Eastgreen Realty Co. (1978), 53 Ohio St.2d 51,52.
 {¶ 10} Appellants and appellee first argue whether the step was an open and obvious condition. In a negligence action, the "open and obvious" doctrine relates to the element of duty, and negates the duty that an owner owes to an invitee. "An occupier of premises is under no duty to protect a business invitee against dangers which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them." Sidle v.Humphrey (1968), 13 Ohio St.2d 45, paragraph one of the syllabus. That is, the obviousness of a condition supplies knowledge of a condition, and if one has knowledge of a condition, then "the sting of unreasonableness from any danger that lies in it" is removed and the owner owes no duty. Id. at 48.
 {¶ 11} Appellants assert that Nancy fell because she did not know a step existed and did not see it before she fell. Appellee counters this assertion by arguing that appellants have not produced any facts in support of this claim. Appellee cites Lovejoy v. Sears, Roebuck Co.
(June 19, 1998), 6th Dist. No. L-98-1025, for the rule that a plaintiff, in order to overcome summary judgment, must advance "specific, provable facts and not mere allegations; evidence of a possible inference is not sufficient." Id. at 7, citing Jackson v. Alert Fire Safety Equip.,Inc. (1991), 58 Ohio St.3d 48, 52.
 {¶ 12} Appellee places undue emphasis on the requirement that facts be "specific" and inadequate attention to the requirement that facts be "provable." Appellee seems to interpret "provable" to mean "proved." "Provable" simply means that a fact has the characteristic of being ableto be proven true, not that it is, in fact, already known to be true. In contrast, a "mere" allegation is a claim that has no basis in fact; "mere" allegations are therefore insufficient. However, when relevant, provable facts support the allegation and those facts are in dispute, a "genuine issue of material fact" exists for Civ.R. 56(E) purposes. Hence the logic of the rule that "[u]nsupported allegations in the pleadings do not suffice to necessitate the denial of a summary judgment." Harless v.Willis Day Warehousing (1978), 54 Ohio St.2d 64, 66 (emphasis added).
 {¶ 13} Appellee's argument also overlooks the rule that, on a motion for summary judgment, the evidence is to be construed in favor of the non-moving party. Civ.R. 56(C). Thus the strength of inferences from the evidence are tested to determine whether they are sufficient to justify but one conclusion, which conclusion is adverse to the moving party. To determine the strength of a factually grounded inference which supports a conclusion that a danger is open and obvious, a court must review those facts; on summary judgment, the inferences from those facts are to be made in the nonmovant's favor. Miller v. Beer Barrel Saloon (May 24, 1991), 6th Dist. No. 90-OT-050. Appellants assert that Nancy Durham did not see the step, did not know it existed, and that the premises' conditions caused her fall. The evidence in support of this claim includes photographs showing the condition of the step as it was at the time of her fall. Appellants' claim, based on inferences from this evidence, is that the conditions surrounding the step rendered itunseeable, and thus dangerous.
 {¶ 14} A particular rule applies when evaluating the duty of care regarding "unseen" dangers. "Where dangers are claimed to be `unseen,' the duty of due care depends upon `whether one should be aware of the danger [and] * * * the likelihood of encountering danger.'" Preble v.SuperAmerica (Oct. 20, 1995), 6th Dist. No. S-94-033, citing Grossnicklev. Village of Germantown (1965), 3 Ohio St.2d 96, 104. Nancy states that she had not previously seen the step because she had not yet walked past it in the building before her fall. Nancy also states that since she had previously walked up and down two ramps between raised and lower levels in the restaurant, she either was expecting another ramp or no change in elevation at all, but she was not expecting a step. This testimony is evidence presented in support of her claim that the premises' conditions caused her unawareness of the step, which in turn caused her to fall; summary judgment is only proper where the allegations are "unsupported" by sufficient evidence. 54 Ohio St.2d at 66.
 {¶ 15} In Klein v. The Kroger Company (Jan. 24, 1997), 6th Dist. No. L-96-135, a plaintiff walked into a grocery store on a rainy day and noticed several rugs saturated with water near the entranceway. After carefully traversing these rugs, the plaintiff walked 35 feet on dry floor before slipping and falling on a substantial puddle of water. Finding summary judgment for the defendant inappropriate, this court found that reasonable minds could conclude that the plaintiff could reasonably expect the floor to continue to be dry, citing the "likelihood of encountering danger" rule of Grossnickle, supra. Id. at 6. Also, inDalie v. Sowers (1959), 109 Ohio App. 367, the court said, "[i]t was a nice question, an appropriate jury question" in denying summary judgment to a store owner; a customer fell over a step which he testified he had not previously encountered and did not know existed, because he used other doorways in the past. Id. at 370. Similarly, reasonable minds could conclude that Nancy Durham's prior traversing of two ramps between levels would reasonably lead her to expect another ramp to link subsequent changes in floor elevation.
 {¶ 16} Additional evidence creates inferences supporting the claim. Photographs attached as exhibits to the depositions of Craig Stiles, Major Magic's manager, and Nancy Durham, clearly show that the step and the floor above and below the step were covered in the same carpeting. This court has found that a genuine issue of material fact precludes summary judgment when the surface and the object on which a plaintiff falls are of the same color. See Diehlman v. Braunfels (Aug. 1, 1997), 6th Dist. No. L-96-357 (plaintiff did not see oil slick the same color as the parking lot); Crawford v. Sylvania Marketplace Co. (Dec. 10, 1993), 6th Dist. No. L-93-049 (speed bump upon which plaintiff tripped was same color as asphalt); Lovejoy, supra at 12 (a molding not precisely the same color as the carpet, but appeared blended enough in photographs to create an issue of material fact). The parties also dispute whether the surrounding lighting was adequate to make someone aware that a step existed. Thus, construing all inferences from these facts in favor of appellants, genuine issues of material fact exist because reasonable minds could reach different conclusions as to whether the step was open and obvious.
 {¶ 17} We reach the same conclusion with respect to the issue of causation. The trial court held that Nancy Durham's failure to identify or explain the cause of her fall precluded a finding of negligence, citing Cleveland Athletic Assn. Co. v. Bending (1934), 129 Ohio St. 152,154. In support, the trial court stated that Nancy Durham testified at deposition that "she did not slip, she did not trip, and she did not know if she missed a step when she fell. In fact, she only remembers falling and hearing her leg break." Upon a review of deposition transcripts and Nancy Durham's affidavit, however, we find sufficient evidence to raise issues of fact regarding causation.
 {¶ 18} First, although Nancy Durham acknowledges that her memory of her fall is poor, she does state repeatedly in deposition that it was her inability to see the step that caused her to fall. In response to questioning from appellee, she stated, "I don't think there was a stairway there so I wouldn't remember a stairway. * * * I thought there was a ramp, just like the rest." Further relevant testimony includes the following:
 {¶ 19} "Q. So is the last thing you remember being back in the TV room?
 {¶ 20} "A. Well, no, actually, I remember being right there. I remember walking through the TV room and then falling."
 {¶ 21} "* * *
 {¶ 22} "Q. So if I understand you correctly, you were in this room headed towards the doorway over which there is an exit sign and then you fell within that doorway?
 {¶ 23} "A. I guess so.
 {¶ 24} "Q. As well as you remember?
 {¶ 25} "A. As well as I remember, yeah."
 {¶ 26} "* * *
 {¶ 27} "Q. So you went out through the doorway that's shown in the two photographs that made Defendant's Exhibit A, you fell?
 {¶ 28} "A. Yes.
 {¶ 29} "Q. You fell because you thought there would be a ramp there and not stairs?
 {¶ 30} "A. You know, I don't think I was thinking anything, but there were ramps everywhere so I suppose that I made that assumption. * * *"
 {¶ 31} In her affidavit, Nancy Durham stated, "I do not have a good memory of this fall. I remember walking through the doorway * * * and suddenly there was no more floor and I remember hearing my leg break." No witnesses actually saw her fall; however, we find reasonable minds could conclude that her testimony that there was "suddenly no more floor" is a reasonable description of the sensation one has when one falls because one did not know the step existed. Appellee's contention that a person does not fall simply because that person does not know that a step is present, creates a disputed issue for a trier of fact.
 {¶ 32} Nancy Durham also stated, "I now know there was a step or stair at the doorway where I fell. I did not know that at the time I fell." Appellee characterizes Nancy's lack of knowledge as a failure to pinpoint causation and contends that the cases of Demock, Lovejoy, Crawford, andMiller, cited supra, are inapposite in so far as those plaintiffs identified an object which caused a fall. Instead, we find these facts inapposite to our decision in Navarette v. Pertoria, Inc., 6th Dist. No. WD-02-070, 2003-Ohio-4222, where the plaintiff explicitly acknowledged that the cause of her fall (oil slick) was clearly visible and she did not see it because a baby carrier obstructed her view. Nancy Durham does not state that the step was clearly visible at the time she fell; she explicitly states she did not know it was there. Because the credibility of the evidence is matter for a trier of fact to decide, State v. DeHass
(1967), 10 Ohio St.2d 230, paragraph one of the syllabus, summary judgment is inappropriate. The parties dispute whether Nancy Durham's stated lack of knowledge is reasonable and whether the premises' conditions, including the carpeting, lighting, and presence of other ramps, caused her lack of knowledge. These conditions constitute sufficient factual evidence to support more than one conclusion, including a conclusion that the condition of the premises caused Nancy to be unaware of the step and her subsequent fall.
 {¶ 33} The trial court's opinion states, "plaintiff's speculation is only one of several possible inferences regarding the cause of her fall, and is insufficient on its own to overcome defendant's summary judgment motion." Civ.R. 56 dictates that summary judgment is only proper where reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party. Here, factual evidence supports the "several possible inferences" regarding causation. Since reasonable minds could reach different conclusions, summary judgment was improperly granted. Appellants' assignment of error is well-taken.
 {¶ 34} For the foregoing reasons, the judgment of the Lucas County Court of Common Pleas is reversed and remanded for further proceedings. Costs to appellee. App.R. 24.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Arlene Singer, P.J., Skow, J., concur.