OPINION
{¶ 1} Plaintiffs-appellants, Sandra and Dennis Isaacs, appeal the decision of the Clermont County Court of Common Pleas granting summary judgment in favor of Meijer, Inc. in a trip-and-fall negligence action.[1]
 {¶ 2} On January 4, 2002, appellant went to the Milford Meijer store on State Route 28 to do her weekly grocery shopping. Appellant shopped at that store every week and knew that products were regularly restocked during business hours, having herself observed restocking activities during prior visits to the store. In fact, it was her practice, when she walked through the store, to look down to the floor to make sure she was not going to trip over products that were being restocked. According to appellant, Meijer employees were always very nice, cooperative, and friendly and were always willing to assist her in getting a product if she needed assistance.
 {¶ 3} On the day in question, appellant stopped in the frozen food aisle to get several Stouffer's frozen dinners. As she entered the aisle, she observed a large restocking cart in the middle of the aisle, loaded with boxes of products, and a Meijer employee restocking and straightening products in the frozen dinner case. The restocking cart was so large that appellant could not go between the restocking cart and the frozen dinner case with her shopping cart. As a result, appellant parked her cart at a distance, walked between the restocking cart and the frozen dinner case, and picked out six Stouffer's frozen dinners. While doing so, appellant engaged in a light conversation with the employee who was restocking the frozen dinner case.
 {¶ 4} After selecting the frozen dinners, appellant started walking back to her cart. She could not step back because the restocking cart was directly behind her. She decided not to go to the left (the way she had come) because the employee was standing there and she "would have been interfering with what he was doing." So, instead, appellant went the other direction and started going around the restocking cart. Appellant took a couple of steps and tripped over a brown box that was on the light-colored floor. The box was full of frozen dinners, was still sealed, was about 18" × 12" × 12", and was next to and about two feet away from the restocking cart. Appellant testified she did not see the box because of the frozen dinners in her hands, and because she did not expect a box there. Appellant also testified that she did not look at the ground before she started walking back to her shopping cart.
 {¶ 5} As a result of her fall and injuries, appellant filed a personal injury action against Meijer, which in turn, moved for summary judgment. On September 29, 2005, the trial court granted summary judgment in favor of Meijer. The trial court found that the box was an open and obvious condition "which was observable to [appellant] if she had only looked," that it was in plain view and "clearly observable to the naked eye by any person" and therefore not a latent danger, and that the attendant circumstances alleged by appellant were "circumstances that occur commonly in a store."
 {¶ 6} Appellant appealed, raising the following assignment of error:
 {¶ 7} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEES."
 {¶ 8} Appellant argues that the trial court erred by granting summary judgment in favor of Meijer because the box over which she tripped was not an open and obvious hazard, attendant circumstances prevented her from seeing the box, and/or Meijer had a duty to warn her about the box because it was a latent or concealed danger.
 {¶ 9} An appellate court reviews a trial court's decision on a motion for summary judgment de novo. Daubenmire v. Sommers,156 Ohio App.3d 322, 2004-Ohio-914, ¶ 78.
 {¶ 10} No party disputes that appellant was a business invitee on the premises of the Milford Meijer store. An owner or occupier of a business owes its invitees a duty of ordinary care in maintaining the premises in a "reasonably safe condition" so that its customers are not exposed to danger, Paschal v. RiteAid Pharmacy, Inc. (1985), 18 Ohio St.3d 203, 204, and has the duty to warn its invitees of latent or hidden dangers. Armstrongv. Best Buy Co., Inc., 99 Ohio St.3d 79, 2003-Ohio-2573, ¶ 5. Storeowners, however, are not insurers against all accidents and injuries to their business invitees. Paschal at 203. An owner's duty to warn its invitees of latent or hidden dangers only extends to conditions which the invitee, by the exercise of ordinary care, would not be expected to discover for himself. An owner is under no duty to protect a business invitee from dangers that are known to such invitee or are so obvious and apparent that he may be reasonably expected to discover them and protect himself against them. Id. at 203-204.
 {¶ 11} Thus, "[w]here the danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises." Armstrong at ¶ 14. The rationale behind this rule is that "the open and obvious nature of the hazard itself serves as a warning." Id. at ¶ 5. Open and obvious hazards are neither hidden from view nor concealed and are discoverable by ordinary inspection. Parsons v. Lawson Co. (1989), 57 Ohio App.3d 49,50-51. "[T]he dangerous condition at issue does not actually have to be observed by the plaintiff * * * to be an `open and obvious' condition under the law. Rather, the determinative issue is whether the condition is observable." Lydic v. Lowe's Cos.,Inc., Franklin App. No. 01AP-1432, 2002-Ohio-5001, ¶ 10.
 {¶ 12} Upon reviewing appellant's deposition and the applicable case law, and construing the evidence most favorably for appellant, we find that no genuine issues of material fact exist regarding the open and obvious nature of the box.
 {¶ 13} Appellant claims that the box was not an open and obvious hazard because it was "concealed behind the large stocking cart." Such claim is not supported by the record. Appellant's deposition clearly indicates that the box was a brown box, approximately 18" × 12" × 12", and was sitting on a light-colored floor. The box was next to and about one and one-half to two feet away from the stocking cart. The box was full of Stouffer's dinners ready to be stocked in the frozen food case. The box was neither hidden from view nor concealed and was discoverable and observable by ordinary inspection. Appellant simply failed to see it.
 {¶ 14} We also find that the box was not a latent or hidden danger. We note that appellant does not explain why or how the box was a latent danger. Rather, appellant claims that the employee restocking the frozen food case had a duty to warn her of the box "sitting on the floor adjacent to the stocking cart" because he "knew that the box was on the floor * * * [and] knew what danger was awaiting [her] and [she] did not." (Emphasis added.) As noted earlier, though, an owner has the duty to warn its invitees only of latent dangers. A latent defect is "hidden, concealed, and not discoverable by ordinary inspection." Cumminv. Image Mart, Inc., Franklin App. No. 03AP-1284, 2004-Ohio-2840, ¶ 5; see, also, Black's Law Dictionary (5th
Ed. 1979) 794. The record shows that the box was in plain view, clearly observable to the naked eye by any person who chose to look, and was therefore observable to appellant had she looked. Appellant simply did not see it. As a result, the box was not a latent danger and Meijer had no duty to warn her of the box.
 {¶ 15} Thus, reasonable minds could only conclude that the brown box which was on a light-colored floor and next to the stocking cart was an open and obvious hazard which Meijer may reasonably expect that appellant would discover and take appropriate action to protect herself. See Lydic (determinative issue is whether the condition is observable, even where plaintiff did not actually notice the condition until after she fell); Colvin v. The Kroger Co., Madison App. No. CA2005-07-026, 2006-Ohio-1151.
 {¶ 16} Attendant circumstances are an exception to the open and obvious doctrine. They involve distractions that would come to the pedestrian's attention under the same circumstances and reduce the degree of care an ordinary person would exercise at the time. McGuire v. Sears, Roebuck Co. (1996),118 Ohio App.3d 494, 498-499. The attendant circumstances must divert the attention of the pedestrian, significantly enhance the danger of the defect, and contribute to the fall. Id. at 499. Attendant circumstances do not, however, encompass the common or ordinary.Gamby v. Fallen Timbers Ents., Lucas App. No. L-03-1050, 2003-Ohio-5184, ¶ 13, citing McGuire. In addition, an attendant circumstance is beyond the control of the injured party. Backusv. Giant Eagle, Inc. (1996), 115 Ohio App.3d 155, 158. Both circumstances contributing to and those reducing the risk of the defect must be considered. McGuire at 499.
 {¶ 17} Appellant argues that attendant circumstances prevented her from observing the box, to wit: because of the restocking activity taking place, she could not bring her shopping cart directly next to the frozen food case and was instead forced to select her frozen dinners and then carry them for some distance back to her cart; her conversation with the employee distracted her; and her view was obstructed by the six frozen dinners she was carrying in her hands.
 {¶ 18} Upon reviewing the record before us, we find that appellant failed to submit any evidence to support her contention that attendant circumstances were present. First, while appellant had a conversation with the employee, she was no longer engaged in that conversation when she walked back to her shopping cart. Certainly, the employee did not prevent appellant from looking where she was walking before she started walking back to her cart. See Conrad v. Sears, Roebuck Co., Franklin App. No. 04AP-479, 2005-Ohio-1626.
 {¶ 19} Second, the fact that she had to park her cart at a distance from the frozen food case and carry products back to her cart is a common circumstance in a grocery store. See McGuire,118 Ohio App.3d 494. We also note that appellant had the option to bring her cart close to the employee and ask for his help in getting the frozen dinners for her, but did not do so. Finally, the fact that appellant was carrying six boxes of frozen dinners was clearly her choice and within her control and did not prevent her from looking where she was walking. See Backus,115 Ohio App.3d 155. Appellant was clearly aware that restocking was taking place at the very moment and in the very area where she was shopping. According to appellant, it was her practice, when she walked through the store, to look down to the floor to make sure she was not going to trip over products that were being restocked. Yet, on the day in question, she failed to look down on the floor and instead chose to walk back to her cart without looking to make sure the path was clear. Id.
 {¶ 20} Thus, reasonable minds could come to but one conclusion and that conclusion is adverse to appellant on the issue of whether the attendant circumstances she alleged avoided the open and obvious doctrine. Accordingly, the trial court properly granted summary judgment in favor of Meijer. Appellant's single assignment of error is overruled.
 {¶ 21} Judgment affirmed.
Walsh, P.J., and Bressler, J., concur.
[1] Dennis Isaacs' claim in appellants' trip-and-fall complaint is one for loss of consortium. Because the discussion will refer to Sandra Isaacs' actions, we will refer to appellants in the singular in this opinion.