OPINION
{¶ 1} Plaintiffs-appellants, Roy and Bernice Silbernagel, appeal the decision of the Butler County Court of Common Pleas granting the summary judgment motion of defendant-appellee, Meijer Stores Limited Partnership ("Meijer"), in a trip-and-fall case. We affirm the common pleas court's decision.
 {¶ 2} In August 2003, Roy Silbernagel ("Silbernagel") and his wife, Bernice, went grocery shopping at a Meijer store in Fairfield. As Silbernagel and his wife were proceeding to the checkout area, Silbernagel decided that he wanted to purchase some Coors beer. Silbernagel's wife continued to the checkout area while Silbernagel searched the nearby beer and wine aisle for the beer. After Silbernagel could not find any Coors beer in that aisle, a Meijer employee suggested that he look in the refrigerated section at the back of the store. Silbernagel subsequently walked to the back of the store via a main aisle. When he arrived at the back of the store, another Meijer employee told him that the store was sold out of Coors. Silbernagel then began walking toward the checkout area to rejoin his wife, via the same main aisle.
 {¶ 3} In the middle of the broad main aisle there were "islands" of displayed merchandise. The merchandise was stacked on pallets and bordered by display frames. The display frames consisted of black boards, approximately one to two feet high. The displays themselves were approximately six feet long, six feet wide, and four to five feet high. The displays were approximately five feet apart, allowing shoppers to cross the main aisle at various points.
 {¶ 4} As Silbernagel was walking to the checkout area via the main aisle, he decided to cross the aisle between two of the displays. As he did so, he tripped and fell over a display frame, sustaining various injuries. There was not any merchandise inside the display frame at the time of Silbernagel's fall. Further, according to Silbernagel, the display frame had been pushed behind an adjacent display approximately 18 inches, obscuring it from his view.
 {¶ 5} In January 2004, Silbernagel and his wife filed a complaint against Meijer in the common pleas court, asserting a negligence claim and a loss of consortium claim. Meijer subsequently filed a motion for summary judgment, which the common pleas court granted. The court determined that the display frame over which Silbernagel tripped was an open and obvious hazard of which Meijer had no duty to warn Silbernagel. Silbernagel and his wife now appeal the common pleas court's decision, assigning one error as follows:
 {¶ 6} "THE TRIAL COURT ERRED WHEN IT FOUND THE EMPTY DISPLAY FRAME OVER WHICH APPELLANT TRIPPED AND FELL TO BE OPEN AND OBVIOUS."
 {¶ 7} In this assignment of error, Silbernagel argues that the common pleas court erred in granting summary judgment to Meijer. Specifically, Silbernagel disputes the common pleas court's determination that the display frame was an open and obvious hazard. According to Silbernagel, the display frame was "hidden and obstructed from his view" by an "enormous" stack of merchandise adjacent to it.
 {¶ 8} Pursuant to Civ.R. 56(C), summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Zivich v. MentorSoccer Club, Inc., 82 Ohio St.3d 367, 369-370, 1998-Ohio-389. Further, in deciding a summary judgment motion, the court must construe the evidence strongly in favor of the nonmoving party. Id. We review de novo a lower court's decision granting summary judgment. Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105,1996-Ohio-336.
 {¶ 9} It is undisputed that Silbernagel was a business invitee on the premises of Meijer. Therefore, Meijer owed Silbernagel a duty of ordinary care to maintain the premises in a "reasonably safe condition" and warn him of hidden dangers on the premises. Isaacs v. Meijer, Inc., Clermont App. No. CA2005-10-098, 2006-Ohio-1439, ¶ 10, citing Paschal v. Rite AidPharmacy, Inc. (1985), 18 Ohio St.3d 203, 204; and Armstrong v.Best Buy Co., Inc., 99 Ohio St.3d 79, 2003-Ohio-2573, ¶ 5.
 {¶ 10} Despite the above duty owed to business invitees, a store owner is not an insurer against all accidents and injuries on the premises. Isaacs, 2006-Ohio-1439, at ¶ 10. As to "open and obvious" hazards, a store owner owes no duty of care to individuals on the premises. Armstrong at ¶ 14. Open and obvious hazards are not concealed, but are discoverable by ordinary inspection. Souther v. Preble Cty. Dist. Library, WestElkton Branch, Preble App. No. CA2005-04-006, 2006-Ohio-1893, ¶36. The hazard does not actually have to be observed by the claimant to be an open and obvious hazard. Lydic v. Lowe's Cos.,Inc., Franklin App. No. 01AP-1432, 2002-Ohio-5001, ¶ 10. Rather, the determinative issue is whether the hazard is observable. Id.
 {¶ 11} Ohio courts, including this court, have consistently held that objects and obstructions in store aisles are open and obvious hazards, regardless of whether a customer actually notices the hazard. See, e.g., Brooks v. Jo Ann Stores (Nov. 13, 2001), Butler App. No. CA2001-05-107, 2001 WL 1402982, *3 ("mess" of magazine insert cards scattered on store floor was open and obvious hazard); Benton v. Cracker Barrel Old CountryStore, Inc., Franklin App. No. 02AP-1211, 2003-Ohio-2890, ¶ 22 (boxes comprising part of store display that protruded into aisle constituted open and obvious hazard); Prince v. Hills Dept.Store (July 25, 1997), Wood App. No. WD-96-069, 1997 WL 430852, *1 (pile of packing peanuts in store aisle was open and obvious hazard); Austin v. Woolworth Dept. Stores (May 6, 1997), Franklin App. No. 96APE10-1430, 1997 WL 242891, *3 (partially emptied pallet in store aisle was open and obvious hazard).
 {¶ 12} The record indicates that the display frame over which Silbernagel tripped was an open and obvious hazard of which Meijer did not have a duty to warn him. The record does not show that the display frame was a hidden danger undiscoverable by ordinary inspection. The record shows that the display frame was approximately one to two feet high and black in color, contrasting with the lightly-colored floor of the aisle. Silbernagel did state in his deposition that the display frame had been pushed behind an adjacent display approximately 18 inches, and that the stacked merchandise in the adjacent display obscured his view of the display frame. Consistent with those statements, the display frame may not have been visible to Silbernagel as he walked up the aisle toward the checkout area. However, once Silbernagel turned to cross the main aisle, the display frame would have been a clearly visible hazard.
 {¶ 13} Because we find that the display frame over which Silbernagel tripped was an open and obvious hazard as a matter of law, we overrule Silbernagel's sole assignment of error. The common pleas court did not err in granting summary judgment to Meijer as to Silbernagel's negligence claim and his wife's derivative loss of consortium claim.
 {¶ 14} Judgment affirmed.
Walsh and Young, JJ., concur.