DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Katherine Armstrong, appeals the judgment of the Lucas County Court of Common Pleas, which granted summary judgment to appellees, Michael and Stacey Meade. On March 30, 2004, appellant, a letter carrier for the U.S. Postal Service, allegedly slipped and fell in the driveway to appellees' residence while she was delivering mail. She filed a complaint alleging appellees negligently failed to keep their premises safe for business invitees, and requested damages for her injuries sustained as a result of *Page 2 
their negligence. Appellees moved for summary judgment asserting (1) that the driveway's condition did not warrant a duty to warn, and (2) the danger, if any, was open and obvious.
 {¶ 2} The trial court examined photographs of the accident site and appellant's deposition. Based upon that evidence, it concluded that a six-inch depression between the paved driveway and bricks lining the driveway, combined with the difference in color between the two surfaces, rendered the depression open and obvious. It also concluded that appellant failed to demonstrate any attendant circumstances which would circumvent the open and obvious doctrine. Finding appellees were under no duty to warn appellant of any danger, the trial court entered judgment for appellees.
 {¶ 3} Appellant assigns one error for review:
 {¶ 4} "The Court of Common Pleas of Lucas County erred in granting appellees' motion for summary judgment where appellant presented evidence of attendant circumstances that precluded application of the doctrine of open and obvious danger [sic]."
 {¶ 5} An appellate court reviews a grant of summary judgment with the same standard as the trial court. Smiddy v. The Wedding Party, Inc.
(1987), 30 Ohio St.3d 35, 36. Pursuant to Civ.R. 56, a trial court is required to construe the evidence in a light most favorable to the non-moving party, determine whether any genuine issues of material fact exist, and determine whether reasonable minds could differ as to whether judgment should be entered against the non-moving party. Civ.R. 56(C). An appellate court, *Page 3 
reviewing a grant of summary judgment, also examines the record in the light most favorable to the party opposing the motion. Engel v.Corrigan (1983), 12 Ohio App.3d 34, paragraph one of the syllabus. Throughout, the strength of inferences from the evidence should be tested to "determine whether they are sufficient to justify but one conclusion, which conclusion is adverse to the moving party." Durham v.Major Magic's All Star Pizza Revue, Inc., 6th Dist. No. L-04-1192,2005-Ohio-1029, ¶ 13.
 {¶ 6} The parties agree that appellant was a business invitee. As such, appellees had a duty of ordinary care to maintaining the premises in a reasonably safe condition and had the duty to warn their invitees of latent or hidden dangers. Armstrong v. Best Buy Co.,99 Ohio St.3d 79, 80, 2003-Ohio-2573, ¶ 5.
 {¶ 7} In a negligence action, the "open and obvious" doctrine relates to the element of duty, and negates the duty that an owner owes to an invitee. "An occupier of premises is under no duty to protect a business invitee against dangers which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them." Sidle v.Humphrey (1968), 13 Ohio St.2d 45, paragraph one of the syllabus. That is, the obviousness of a condition supplies knowledge of a condition, and if one has knowledge of a condition, then "the sting of unreasonableness from any danger that lies in it" is removed and the owner owes no duty. Id., 48.
 {¶ 8} Since the doctrine "relates to the threshold issue of duty,"Armstrong, 2003-Ohio-2573, ¶ 13, courts must consider "the nature of the dangerous condition itself, as *Page 4 
opposed to the nature of the plaintiffs conduct in encountering it." Id. The issue of whether a hazard is open and obvious may be decided as a matter of law when no factual issues are disputed. Nageotte v. CafaroCo. et al, 160 Ohio App.3d 702, 710, 2005-Ohio 2098, ¶ 28, citingArmstrong, 2003-Ohio-2573, ¶ 5.
 {¶ 9} The evidence submitted clearly demonstrates the trial court correctly applied the open and obvious doctrine. The driveway upon which appellant fell consisted of two ribbons of concrete separated by a strip of grass and dirt. A row of bricks lined the inner side of one concrete ribbon. Those bricks appeared to have sunk into the ground, lower than the concrete, creating a depression between the bricks and the concrete. Appellant slipped, or tripped, upon the depression.
 {¶ 10} Even the evidence which appellant submitted, however, supports a conclusion that the depression was clearly open and obvious. In opposition to appellees' motion for summary judgment, appellant submitted the report of a "certified restorer" which analyzed the depth of the deviation in the driveway. The report analyzed photographs of the driveway taken soon after the incident, and states that the "photo shows the depression clearly." Based upon the photos, the report concluded that a six inch depth difference existed between the driveway's concrete ribbon and the bricks.
 {¶ 11} Appellant testified that the morning she attempted to deliver appellees' mail, it was "misty" and the ground was "damp" enough that she wore shoe coverings over her sneakers. She could not recall whether the cement walkway upon which she slipped was damp; however, it was daylight, her visibility was clear, and she had *Page 5 
"scanned" the area as she walked. She was carrying her mail satchel and a handful of mail, and testified that she did not know exactly where she slipped because she was not looking directly downward as she walked.
 {¶ 12} As appellant recognizes, the open and obvious doctrine removes a landowner's duty of care to business invitees concerning "known conditions that could have been avoided by individuals if they had taken proper precautionary measures, such as paying attention to where they were walking." Nageotte v. Cafaro Co., 160 Ohio App.3d 702,2005-Ohio-2098, ¶ 28, citing Demock v. D.C Entertainment Catering,Inc., 6th Dist. No. WD-03-087, 2004-Ohio-2778, ¶ 10.
 {¶ 13} Regardless, appellant contents that "attendant circumstances" exist which create a genuine issue of fact that precludes summary judgment. She cites Smith v. Gracon, 7th Dist. No. 05-MA-125,2006-Ohio-886, for a statement of the doctrine:
 {¶ 14} "An attendant circumstance by definition a circumstance that distracts an invitee and reduces the degree of care an ordinary person would exercise at the time. Attendant circumstances may include the condition of the sidewalk as a whole, the volume of pedestrian traffic, the visibility of the defect, and whether the accident site was such that one's attention could easily be diverted. The attendant circumstances must be such that a reasonable trier of fact could find that the defect was substantial and unreasonably dangerous in order to prevent summary judgment for the defendants." Id., ¶ 16 (internal citations omitted). *Page 6 
 {¶ 15} As attendant circumstances, appellant points to the fact that appellees' residence was not on her regular route; that although "postal policy" allows mail carriers to cut through grassy side yards to traverse from house to house, a fence in the side yard next to appellees' driveway "forced" her to walk down to the sidewalk and up appellees' driveway; and that the angle upon which she approached the driveway rendered the height deviation unnoticeable.
 {¶ 16} Reviewing the evidence de novo, in a light most favorable to appellant, reasonable minds could only come to the conclusion that the driveway's condition was open and obvious. The photographs show a depression which is visible to the naked eye from a distance, and the depression is visible from the angle at which appellant claims to have approached the driveway. Appellant acknowledged that the weather and light allowed clear visibility, and the color of the bricks and the driveway are distinctly different. In order to prevent application of the open and obvious doctrine, the attendant circumstances must "reduce the degree of care an ordinary person would exercise at the time."McGuire v. Sears, Roebuck Co. (1996), 118 Ohio App.3d 494, 499. "The attendant circumstances must, taken together, divert the attention of the pedestrian, significantly enhance the danger of the defect, and contribute to the fall. * * * Both circumstances contributing to and those reducing the risk of the defect must be considered." Id., quotingStockhauser v. Archdiocese of Cincinnati (1994), 97 Ohio App.3d 29,33-34. "[T]he attendant circumstances must render the hazard `foreseeably unsafe,' * * * or `unreasonably increase the typical risk of a harmful result of an event.'" *Page 7 Plock v. BP Products N.A. Inc., 6th Dist. No. L-05-1423, 2006-Ohio-5472, ¶ 15, citing Hudspath v. Cafaro Co., 11th Dist. No. 2004-A-0073,2005-Ohio-6911, ¶ 19; Isaacs v. Meijer, Inc., 12th Dist. No. CA2005-10-098, 2006-Ohio-1439. Appellant's unfamiliarity with appellees' residence is not an attendant circumstance which would make appellees' driveway unreasonably dangerous; as appellant acknowledged, she regularly looks for obstacles when delivering mail. Unfamiliarity would tend to increase, not decrease, the degree of care an ordinary person would exercise. McGuire v. Sears, Roebuck Co., supra.
 {¶ 17} Because the driveway's condition was open and obvious, appellees had no duty to warn appellant, a business invitee. Appellant has advanced no issue of material fact which would preclude application of the open and obvious doctrine. Since, as a matter of law, appellees were under no obligation to warn appellant of the driveway's condition, the trial court properly entered summary judgment for appellees. Appellant's assignment of error is not well-taken.
 {¶ 18} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFFIRMED. *Page 8 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., William J. Skow, J., Thomas J. Osowik, J. CONCUR. *Page 1