**[Cite as *Hammond v. Lotz*, 2022-Ohio-3542.]**

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| CAROL HAMMOND, | : | APPEAL NO. C-220002 |
| | | TRIAL NO. A-2100139 |
| Plaintiff-Appellant, | : | |
| | : | *O P I N I O N.* |
| vs. | : | |
| | : | |
| JAY LOTZ, | : | |
| and | : | |
| CATHY LOTZ, | : | |
| Defendants-Appellees, | : | |
| and | : | |
| GROUP MANAGEMENT SERVICES, INC. | : | |
| Defendant. | : | |


Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: October 5, 2022


*Gregory S. Young Co., LPA,* and *Jason M. Persinger,* for Plaintiff-Appellant,

*Eagen & Wykoff Co., LPA,* and *John R. Wykoff,* for Defendants-Appellees.

**CROUSE, Judge.**

{¶1}    Plaintiff-appellant Carol Hammond appeals from the judgment of the Hamilton County Court of Common Pleas granting summary judgment on her negligence claim in favor of defendants-appellees Jay and Cathy Lotz (the "Lotzes").[1] Because we agree with the trial court that the condition causing Hammond's injuries was open and obvious and that plaintiff failed to demonstrate attendant circumstances, we affirm the judgment of the trial court.

*Facts and Procedure*

{¶2}    At all times relevant to this action, Hammond was employed as a driver for FedEx. As a driver, Hammond drove a FedEx truck and delivered FedEx packages to homes and businesses. On the morning of October 19, 2019, Hammond parked her FedEx box truck on the street in front of the Lotzes' home, just beyond their driveway, to deliver a package to them. Hammond set the long, skinny package on the floor of the truck and stepped down onto the ground, facing their home. Hammond testified that she then turned around, grabbed the package, and took two steps towards the Lotzes' home—planning to walk through their front yard. Hammond then twisted her left foot in a low-lying corner of the Lotzes' lawn (the "edging ditch"), fell, and broke her left wrist trying to catch herself. Testimony from Hammond, Jay Lotz, and the Lotzes' neighbor indicated that the edging ditch was less than two inches wide and less

---

[1] Defendant Group Management Services, Inc., was included as a party to the complaint for subrogation purposes, but did not file a brief on appeal. In its answer, Group Management Services, Inc., identified itself as a worker's compensation self-insured entity for FedEx.

than two inches deep, and that it was created by Jay Lotz's string trimmer as part of his routine lawn maintenance.[2]

{¶3} Hammond filed a complaint against the Lotzes in the Hamilton County Court of Common Pleas, alleging negligence and demanding judgment in an amount exceeding $25,000. On May 13, 2021, the Lotzes filed a motion for summary judgment. In their motion, the Lotzes argued that they did not owe Hammond a duty of care because the edging ditch was open and obvious. The trial court agreed and granted summary judgment in their favor. Specifically, the trial court held that "the edging ditch was an open and obvious hazard and that Plaintiff failed to provide evidence of any attendant circumstances to overcome Defendant's Motion." Hammond timely appealed.

### *Law and Analysis*

{¶4} In two assignments of error, Hammond contends that there is a genuine issue of material fact as to whether the edging ditch was open and obvious and, similarly, whether there were attendant circumstances surrounding her fall.

{¶5} We review a trial court's grant of summary judgment de novo. *Helton v. Fifth Third Bank*, 1st Dist. Hamilton No. C-210451, 2022-Ohio-1023, ¶ 12, citing *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). "Summary judgment is appropriately granted when there exists no genuine issue of material fact, the party moving for summary judgment is entitled to judgment as a matter of law,

---

[2] Jay Lotz approximated the drop from the curb to the lawn in the area of the edging ditch to be about one inch. He testified that his trimmer creates a small divot in the ground that is approximately one-half-inch wide and one-half-inch deep. Hammond described the edging ditch as being slightly larger and estimated that it was approximately one-to-two-inches wide, and one-to-two-inches deep. The Lotzes' neighbor estimated that the gap created by the edging was less than one inch.

3

and the evidence, when viewed in favor of the nonmoving party, permits only one reasonable conclusion that is adverse to that party." *Helton* at ¶ 12.

**{¶6}** To establish negligence, a plaintiff must show that "(1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; and (3) the plaintiff suffered injury proximately caused by the defendant's breach of duty." *Patterson v. Adleta, Inc.*, 2018-Ohio-3896, 119 N.E.3d 982, ¶ 7 (1st Dist.).

**{¶7}** In premises-liability cases, the defendant's duty is determined by the type of relationship between the parties. *Lang v. Holly Hill Motel, Inc.*, 122 Ohio St.3d 120, 2009-Ohio-2495, 909 N.E.2d 120, ¶ 10. In this case, the parties do not dispute that Hammond was a business invitee. *See Light v. Ohio Univ.*, 28 Ohio St.3d 66, 68, 502 N.E.2d 611 (1986). ("Business invitees are persons who come upon the premises of another, by invitation, express or implied, for some purpose which is beneficial to the owner."). Accordingly, the Lotzes had a duty to maintain the premises in a reasonably safe condition and to warn invitees of hidden dangers. *See id.*; *Armstrong v. Meade*, 6th Dist. Lucas No. L-06-1322, 2007-Ohio-2820, ¶ 6.

**{¶8}** But, when a danger is "open and obvious," landowners do not owe a duty of care to invitees on the premises. *Asher v. Glenway Real Estate, LLC*, 2019-Ohio-4851, 149 N.E.3d 1035, ¶ 15 (1st Dist.); *see Armstrong v. Best Buy Co.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 5 ("the open-and-obvious doctrine obviates the duty to warn and acts as a complete bar to any negligence claims."). "Thus, when a plaintiff is injured by an open and obvious danger, summary judgment is generally appropriate because the duty of care necessary to establish negligence does not exist as a matter of law." *Holly Hill Motel, Inc.* at ¶ 11.

{¶9} A danger is open and obvious when it is "not hidden, concealed from view, or undiscoverable upon ordinary inspection." *Thompson v. Ohio State Univ. Physicians, Inc.*, 10th Dist. Franklin No. 10AP-612, 2011-Ohio-2270, ¶ 12; *see Esterman v. Speedway LLC,* 1st Dist. Hamilton No. C-140287, 2015-Ohio-659, ¶ 7; *McLaughlin v. Andy's Coin Laundries, LLC*, 2018-Ohio-1798, 112 N.E.3d 57, ¶ 16 (1st Dist.) (holding that a rotating drum in a washing machine was an open-and-obvious danger because, "[i]t was not hidden or concealed, and it was immediately apparent by looking at the machine.").

{¶10} "[A] person does not have to actually see the dangerous condition prior to the fall in order for the condition to be open and obvious, and courts have found no duty to warn existed where the condition *could have been seen* had a person looked." (Emphasis added.) *Speedway* at ¶ 7, citing *Thompson* at ¶ 12. Essentially, the question is whether the condition was observable.

{¶11} Because the open and obvious doctrine " 'relates to the threshold issue of duty,' * * * courts must consider 'the nature of the dangerous condition itself, as opposed to the nature of the plaintiff's conduct in encountering it.' " *Meade*, 6th Dist. Lucas No. L-06-1322, 2007-Ohio-2820, at ¶ 8, quoting *Best Buy,* 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, at ¶ 13; *see Nageotte v. Cafaro Co.,* 160 Ohio App.3d 702, 2005-Ohio-2098, 828 N.E.2d 683, ¶ 28 (6th Dist.) (describing "typical open and obvious cases" as those "that could have been avoided by individuals if they had taken proper precautionary measures, such as paying attention to where they were walking.").

{¶12} While open-and-obvious inquiries are questions of law, the presence of "attendant circumstances can create a genuine issue of material fact." *Speedway,* 1st

5

Dist. Hamilton No. C-140287, 2015-Ohio-659, at ¶ 11. Not just any circumstance is an attendant circumstance, however. Rather, attendant circumstances are those that, when considered together, "(1) divert the attention of the pedestrian, (2) significantly enhance the danger of the defect, and (3) contribute to the fall." *Id.,* quoting *Shepherd v. City of Cincinnati*, 168 Ohio App.3d 444, 2006-Ohio-4286, 860 N.E.2d 808, ¶ 31 (1st Dist.).

{¶13} Attendant circumstances must pose a " 'significant distraction' and cannot include 'regularly encountered ordinary, or common circumstances.' " *Speedway* at ¶ 11, quoting *Haller v. Meijer, Inc.*, 10th Dist. Franklin No.11AP-290, 2012-Ohio-670, ¶ 10, and *Colville v. Meijer Stores Ltd.*, 2d Dist. Miami No. 2011-CA-011, 2012-Ohio-2413, ¶ 30; *see Cummin v. Image Mart, Inc.,* 10th Dist. Franklin No. 03AP-1284, 2004-Ohio-2840, ¶ 10 (holding that an attendant circumstance must be "so abnormal that it unreasonably increased the normal risk of a harmful result or reduced the degree of care an ordinary person would exercise."). Finally, attendant circumstances do not include the individual's activity at the time of the fall, unless their attention is diverted by " 'an unusual circumstance of the property owner's own making' " *Speedway* at ¶ 11, quoting *McConnell v. Margello*, 10th Dist. Franklin No. 06AP-1235, 2007-Ohio-4860, ¶ 17. For instance, the Fourth District held that a man's fatigue and the fact that he was carrying an oxygen tank were not attendant circumstances when he fell on a set of hotel steps. *Lang v. Holly Hill Motel, Inc.*, 4th Dist. Jackson No. 06CA18, 2007-Ohio-3898, ¶ 27, *aff'd,* 122 Ohio St.3d 120, 2009-Ohio-2495, 909 N.E.2d 120; *see Isaacs v. Meijer, Inc.*, 12th Dist. Clermont No. CA2005-10-098, 2006-Ohio-1439, ¶ 19 ("the fact that appellant was carrying six boxes

of frozen dinners was clearly her choice and within her control and did not prevent her from looking where she was walking.").

**{¶14}** In *Meade*, 6th Dist. Lucas No. L-06-1322, 2007-Ohio-2820, the Sixth District was confronted with a set of facts like those in this case, when a mail carrier fell after tripping on a six-inch depression between a homeowner's driveway and the bricks lining the driveway. The court reasoned that the condition was open and obvious because it was visible to the naked eye in photographs and visibility was clear. *Id.* at ¶ 16. Moreover, the court held that the mail carrier's unfamiliarity with the residence was not an attendant circumstance because "[u]nfamiliarity would tend to increase, not decrease, the degree of care an ordinary person would exercise." *Id.*

**{¶15}** In this case, we hold that the edging ditch was an open-and-obvious condition. The area was not hidden or concealed from view. Hammond testified that, not only could she see the edging ditch after she fell, but there were no rocks, trees, or tall grasses concealing the edging ditch. The Lotzes' neighbor also testified that, while he did not observe any indentations greater than two inches in the lawn, the edging ditch created by the trimming could be seen easily, stating, "You can see it easy. * * * it's not like some [grass] is overhanging – over that." Moreover, Hammond presented no testimony or other evidence that she looked even once at where she was stepping. Rather, her testimony suggests that she was looking towards the home while exiting her truck and preparing to traverse the lawn. Photographs of the scene submitted with Hammond's deposition show that the area is not hidden or undiscoverable. The first assignment of error is overruled.

**{¶16}** Hammond has also failed to demonstrate the presence of any attendant circumstances. Hammond contends that we should consider the fact that this was her

first time delivering to the Lotzes' home. However, we agree with the Sixth District's reasoning that this should increase, not decrease, Hammond's degree of care. *See Meade*, 6th Dist. Lucas No. L-06-1322, 2007-Ohio-2820, at ¶ 16.

**{¶17}** Hammond suggests that the other attendant circumstances that contributed to her fall include her decision to park adjacent to the front yard, her focus on delivering the package, and the fact that she was only able to take two steps out of her vehicle before she fell. However, we fail to see how any of these circumstances were "significant distractions." *See Speedway,* 1st Dist. Hamilton No. C-140287, 2015-Ohio-659, at ¶ 11. Moreover, attendant circumstances do not include a person's activity at the time of the fall unless the condition is of the property owner's own making. *Id.* Finally, while Hammond argues that the size of the package was another attendant circumstance, she testified that, "[i]t was pretty light. It was something really light in it." Hammond also testified that the package did not block her view. Thus, Hammond has not demonstrated the existence of any attendant circumstances in this case that create a genuine issue of material fact. The second assignment of error is overruled.

### *Conclusion*

**{¶18}** In light of the foregoing analysis, we overrule Hammond's first and second assignments of error and affirm the judgment of the trial court.

Judgment affirmed.

**ZAYAS, P.J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.