OPINION
{¶ 1} Appellant, Terry L.D. Humphries, appeals from the April 18, 2005 decision and the May 2, 2005 judgment entry of the Franklin County Court of Common Pleas, Civil Division. Through the decision and judgment entry, the trial court granted summary judgment against appellant and in favor of appellees. Appellant asserts the trial court erred in so ruling. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} In the afternoon of September 26, 2003, appellant visited 130 East Wilson Bridge Road to deliver a loan package to BC Mortgage. 130 East Wilson Bridge Road (hereafter "the building") is owned and managed by appellees. BC Mortgage is a third-floor tenant in the building. On the afternoon in question, prior to appellant's arrival, the building had been electronically locked in response to a crisis situation occurring with tenant Team America. Police officers and television crews were present when appellant arrived. After speaking with building maintenance workers, appellant was admitted to the building to deliver the loan package.
 {¶ 3} Appellant entered the building and ascended the west stairwell to the third floor. Appellant knocked several times, but was unable to contact anyone at BC Mortgage. Unable to deliver the loan package, appellant began to descend the same stairwell he had previously ascended. Upon reaching the second floor landing, appellant fell and injured his ankle and foot. Appellant contends his fall was caused when he stepped on a "lump" or "hump" on the landing resulting in his ankle rolling sideways. Appellee refers to the "hump" as a "slope." Regardless, both parties are in agreement that the "hump" or "slope" never exceeded two inches in height and was difficult to see with the carpeting in place.
 {¶ 4} After regaining his composure, appellant descended to the first floor and exited the building. Appellant then obtained medical care and learned he had two broken bones. For several months, appellant's foot and ankle were in a cast and he used crutches or a cane for walking. Appellant contends the injury has caused him severe and continuing pain and has prevented him from participating in beloved activities, such as coaching football.
 {¶ 5} Appellant filed suit in the common pleas court on April 26, 2004, asserting a cause of action for negligence based on premises liability. On January 24, 2005, appellees moved for summary judgment. Appellant opposed the motion. The trial court granted summary judgment for appellees on April 18, 2005. The court held that: "the two-inch rule is applicable, thereby establishing a presumption that the defect in the height on the landing of the stairs was nothing more than a trivial departure from perfection for which Defendants are not liable as a matter of law." Further, the trial court found that "there were no attendant circumstances that would have distracted Plaintiff." Lastly, the trial court found that appellant was "charged with knowledge" of the presence of the defect because he had previously successfully ascended the same stairwell. The court confirmed its decision in its May 2, 2005 judgment entry. It is from the decision and judgment entry that appellant now appeals.
 {¶ 6} Appellant asserts a single assignment of error:
THE TRIAL COURT'S DECISION TO GRANT APPELLEES' MOTION FOR SUMMARY JUDGMENT BASED UPON THE "TWO-INCH" RULE AND BASED UPON MR. HUMPHRIES' PRESUMED KNOWLEDGE OF THE DEFECT CONSTITUTES ERROR AND SHOULD BE REVERSED.
 {¶ 7} Appellate review of a trial court's grant of summary judgment is de novo. AAAA Enterprises, Inc. v. River Place Community UrbanRedevelopment Corp. (1990), 50 Ohio St.3d 157; Hahn v. Satullo,156 Ohio App.3d 412, 2004-Ohio-1057, ¶ 33. "De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial." Brewer v. Cleveland City Schools Bd. ofEdn. (1997), 122 Ohio App.3d 378, 383, citing Dupler v. MansfieldJournal Co., Inc. (1980), 64 Ohio St.2d 116, 119-120, certiorari denied (1981), 452 U.S. 962, 101 S.Ct. 3111.
 {¶ 8} Summary judgment is proper when the movant demonstrates that: (1) no genuine issue of material fact exists; (2) the movant is entitled to judgment as a matter of law; and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the non-moving party. Civ.R. 56; State ex rel. Grady v. State Emp. Relations Bd. (1997),78 Ohio St.3d 181, 183. The non-moving party is entitled to have the evidence construed most strongly in its favor. Id.
 {¶ 9} "[I]n order to establish actionable negligence, one seeking recovery must show the existence of a duty, the breach of the duty, and injury resulting proximately therefrom." Strother v. Hutchinson (1981),67 Ohio St.2d 282, 285. Whether a duty exists in a negligence action is a question of law. Benton v. Cracker Barrel Old Country Store, Inc.,
Franklin App. No. 02AP-1211, 2003-Ohio-2890, ¶ 11.
 {¶ 10} "[U]nder the common law of premises liability, the status of the person who enters upon the land of another (i.e., trespasser, licensee, or invitee) defines the scope of the legal duty that the responsible party owes the entrant." Shump v. First ContinentalR-obinwoodAssoc. (1994), 71 Ohio St.3d 414, 417. Here, the parties do not dispute that appellant entered the premises as a business invitee. "An owner or occupier of the premises ordinarily owes its business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition and has the duty to warn its invitees of latent or hidden dangers."Klauss v. Glassman, Cuyahoga App. No. 84799, 2005-Ohio-1306, ¶ 13, citing Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203. However, a landowner is not an insurer of an invitee's safety and is not liable for trivial defects. Paschal; Blain v. Cigna Corp., Franklin County App. No. 02AP-1442, 2003-Ohio-4022.
 {¶ 11} In its decision in Kimball v. Cincinnati (1953),160 Ohio St. 370, the Ohio Supreme Court held that slight defects in a public sidewalk do not constitute sufficient grounds upon which to impose liability on a municipality. Over the next 11 years, the court refined its analysis, holding that variations in elevation between adjacent sections of a walkway, where the defect complained of involved changes of two inches or less, were only insubstantial imperfections creating no liability for a municipality.[1] The holdings became commonly known as the "two-inch rule."
 {¶ 12} The court then extended the "two-inch rule" to cover privately owned premises. Helms v. American Legion, Inc. (1966), 5 Ohio St.2d 60, syllabus. In Helms, the court held that the owner or occupier of private premises, just like a municipality, would not be liable for minor imperfections that are commonly encountered and are not unreasonably dangerous.
 {¶ 13} In Cash v. Cincinnati (1981), 66 Ohio St.2d 319, paragraph two of the syllabus. The Supreme Court of Ohio clarified the "two-inch rule," stating that courts must also consider any attendant circumstances in determining whether liability exists for trivial defects. The holding inCash established that a height difference of two inches or less is insubstantial as a matter of law, but the defect may be proven substantial by showing sufficient attendant circumstances. Attendant circumstances are "any distraction that would come to the attention of a pedestrian in the same circumstances and reduce the degree of care an ordinary person would exercise at the time." Blain, supra, at ¶ 11 quoting France v. Parliament Park Townhomes (Apr. 27, 1994), Montgomery App. No. 14264.
 {¶ 14} In this case, the trial court found that the "two-inch rule" applies to the "hump" or "slope" and that no attendant circumstances exist. We agree.
 {¶ 15} First, we hold that the "two-inch rule" applies to defects found on a premise's interior walkways. While decades-old case law from this court[2] may suggest an opposite conclusion, more recent case law from this court demonstrates that the "two-inch rule" is properly applied to walkways both inside and outside of public and private structures.
 {¶ 16} In 1997, we held that the "two-inch rule" applied to an injury caused by an irregularity in the walking surface of a U.S. Air jetway.Bodley v. U.S. Air, Inc. (Dec. 9, 1997), Franklin App. No. 97APE03-430. In Bodley, a passenger was walking through the jetway from the terminal to her aircraft when she fell and was injured. It was determined that Bodley fell when she unknowingly stepped on an unsupported one and one-half inch carpeted drop in elevation on the walking surface. While the case was returned to the trial court for consideration of attendant circumstances, we held that the "two-inch rule" applied and that the defect was presumed to be insubstantial.
 {¶ 17} In 2000, we applied the "two-inch rule" to an injury occurring inside a business. Burstion v. Chong-Hadaway, Inc. (Mar. 2, 2000), Franklin App. No. 99AP-701. The appellant in Burstion fell while walking through a store to buy a newspaper and beverage. Appellant attributed her fall to a "depression" in the floor surface. Testimony revealed the depression measured one to one-half inches in depth. We held "the `defect' in the store was a minor and/or trivial imperfection which cannot form the basis for liability." Id.
 {¶ 18} The walkway defect at issue in this case admittedly measured no more than two inches in height at its highest point. The "two-inch rule" applies in this instance. Therefore, as a matter of law, the defect is presumed to be insubstantial and insufficient to support a negligence claim. The trial court ruled correctly on this issue.
 {¶ 19} Second, we hold that no attendant circumstances existed at the time of the fall that would rebut the presumption created by the "two-inch rule." Attendant circumstances are any distraction that would come to the attention of a pedestrian in the same circumstances and reduce the degree of care an ordinary person would exercise at the time. Attendant circumstances must "when taken together, divert the attention of the pedestrian, significantly enhance the danger of the defect and contribute to the fall." Burstion, at 2.
 {¶ 20} The Supreme Court in Helms held that attendant circumstances can include: poor lighting, large volume of pedestrian traffic, visibility of the defect, the overall condition of the walkway, and whether the accident site is such that one's attention would be easily distracted. While this list is not exhaustive, it is illustrative of the types of circumstances that may be deemed attendant. This court has previously refused to consider prior notice of the defect or of accidents at the location of the defect on the part of the owner or manager of the premises to be an attendant circumstance. Blain, supra, at ¶ 11. Other courts have also rejected the argument that carpeting placed over the defect is in and of itself an attendant circumstance. Tomlin v. Natl.City Corp., Trumbull App. No. 2003-T-0158, 2004-Ohio-6938.
 {¶ 21} In this instance, we can find no attendant circumstances. There were no other individuals in the stairwell at the time of the fall. There is no indication in the record that the stairwell was poorly lit or in poor condition. Despite the crisis occurring with Team America, the stairwell was free of any activity, including distracting activity. In fact, the majority of the building was free of activity due to the lock down. While the defect was covered by carpeting, we find that carpeting alone is insufficient to establish an attendant circumstance. We also hold that prior knowledge of the defect does not constitute an attendant circumstance.
 {¶ 22} Appellant argues that his knowledge of the crisis occurring in the building taken in conjunction with the fact that the carpeting made the defect difficult to see equates to the presence of attendant circumstances. We disagree. Appellant was aware at the time he entered the building that a crisis was occurring and that police and media were present. He may not have been aware of the exact nature of the crisis, but, at a minimum, he was aware that access to the building was restricted. Appellant chose to enter the building anyway and safely traversed the stairs on his way up to the third floor. In his deposition, appellant asserted he was not reckless or hurried in his descent and was paying attention to the walkway. Assuming the truth of appellant's statements, the knowledge of the crisis did not reduce the degree of care being used, did not enhance the danger of the defect, and did not contribute to the fall. Appellant's knowledge of the crisis occurring in the building was not an attendant circumstance whether taken alone or in conjunction with the presence of carpeting.
 {¶ 23} Since no attendant circumstances exist, the presumption established by the "two-inch rule" operates to bar recovery. No material issue of fact remains on appellant's negligence claim. The trial court correctly determined this issue.
 {¶ 24} The trial court also held that appellant was charged with notice of the defect on the stairwell because he had previously safely traversed the same stairwell on his ascent to the third floor. Regardless of whether appellant had knowledge of the defect, no liability exists for appellant's fall or injuries. As such, we need not specifically address the issue.
 {¶ 25} The trial court correctly determined that the "two-inch rule" applied in this instance and that no attendant circumstances were present. We hereby overrule appellant's sole assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
Bryant and Petree, JJ., concur.
[1] See O'Brien v. Toledo (1957), 167 Ohio St. 35; Gallagher v. Toledo
(1959), 168 Ohio St. 508; Buckley v. Portsmouth (1959), 168 Ohio St. 513;Amos v. Cleveland Heights (1959), 169 Ohio St. 367; and Kindle v. Akron
(1959), 169 Ohio St. 373.
[2] See Cunningham v. Champion Dowdall Lodge #581 (Aug. 13, 1974), Franklin App. No. 74AP-11; Cherubini v. S.G. Loewendick Sons, Inc.
(Jan. 28, 1975), Franklin App. No. 74AP-258; and Walker v. SchottensteinStores Corp. (Mar. 27, 1975), Franklin App. No. 74AP-541.