[Cite as *Dubenion v. DDR Corp.*, 2016-Ohio-8128.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Laverne Dubenion et al., | : | |
| Plaintiffs-Appellants, | : | |
| | : | No. 15AP-915 |
| v. | : | (C.P.C. No. 14CV-7234) |
| DDR Corporation et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on December 13, 2016

**On brief:** *E. Darren McNeal Co., LLC,* and *E. Darren McNeal,* for appellants. **Argued:** *E. Darren McNeal.*

**On brief:** *Roetzel & Andress, LPA,* and *Bradley L. Snyder,* for appellees. **Argued:** *Jason R. Ramsey.*

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Plaintiffs-appellants, Laverne and Walter Dubenion, appeal the September 1, 2015 judgment of the Franklin County Court of Common Pleas granting defendants-appellees', DDR Corporation ("DDR"), Kittle's Home Furnishing Center, Inc. and Kittle's Home Furnishings, Inc. (collectively "appellees"), motion for summary judgment as a matter of law. For the following reasons, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On July 14, 2014, appellants filed a complaint in the Franklin County Court of Common Pleas alleging that appellees were negligent in failing to maintain the walkway in a safe condition and for failing to warn Mrs. Dubenion of the danger presented by the protruding stone paver in front of Kittle's Home Furnishing Center located at 3740 Easton Market in Columbus, Ohio (the "Premises").

{¶ 3} On the afternoon of July 13, 2012, the appellants, Mr. & Mrs. Dubenion, ages 87 and 80, went to Kittle's Furniture Store to go furniture shopping. Mr. Dubenion

parked their car next to the handicapped parking spaces and the couple proceeded to walk to Kittle's. The stone paver walkway appellants used was approximately six to eight feet long and three feet wide and was surrounded by hedges.  When Mrs. Dubenion walked on the walkway, she tripped and fell on a stone paver protruding from the walkway.

{¶ 4}  Mrs. Dubenion claims that she suffered physical and emotional injuries as a result of tripping on "several raised concrete paver blocks" on the walkway she traversed. (Compl. at ¶ 7, 15, 29.) Mr. Dubenion asserted a claim for loss of consortium.

{¶ 5}  On June 22, 2015, appellees moved for summary judgment on the grounds that: (1) the alleged hazard at issue was a trivial imperfection for which appellees cannot be held liable as a matter of law; (2) the alleged hazard was an open and obvious danger which no warning or precautions were required; and (3) appellees had no obligation under its lease to conduct any inspection, maintenance or repairs of the premises in question and cannot be held liable as a matter of law.

{¶ 6}  Appellants responded to appellees' motion for summary judgment on August 3, 2015. Appellants claimed that their attention was diverted forward by the traffic that ran in between Kittle's and the parking lot as opposed to down at their feet. Appellants also claimed that hedges surrounding the walkway obstructed their view of the protruding pavers and traffic. Appellants estimated the height difference of the protruding paver to be approximately one-half inch. Appellants claimed that circumstances attendant to the accident precluded summary judgment. Appellants argued that the hazard at issue was not an open and obvious danger and, as a matter of law and disputed issues of fact, summary judgment should have been denied. On August 20, 2015, appellees filed a reply to appellants' response.

{¶ 7}  On September 1, 2015, the trial court issued its decision and entry, and found that:

> While numerous arguments are presented by Defendants in favor of Summary Judgment, the Court is going to focus on Defendants' argument that they did not owe a duty to Mrs. Dubenion due to the operation of the two-inch rule. In Ohio, the two-inch rule is a rule that negates a party's duty to protect a business invitee in situations where the invitee is injured due to minor defects on the property. In the case of Humphries v. C.B. Richard Ellis, Inc. (10th Dist., 2005), 2005 Ohio 6105, the Ohio Tenth District Court of Appeals

reaffirmed and explained the two-inch rule. In its opinion, the Tenth District stated:

> " 'Under the common law of premises liability, the status of the person who enters upon the land of another (i.e., trespasser, licensee, or invitee) defines the scope of the legal duty that the responsible party owes the entrant.' Shump v. First Continental-Robinwood Assocs. (1994), 71 Ohio St. 3d 414, 417, 1994 Ohio 427, 644 N.E.2d 291. Here, the parties do not dispute that appellant entered the premises as a business invitee. "An owner or occupier of the premises ordinarily owes its business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition and has the duty to warn its invitees of latent or hidden dangers." Klauss v. Marc Glassman, Inc., Cuyahoga App. No. 84799, 2005 Ohio 1306, P 13, citing Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203, 18 Ohio B. 267, 480 N.E.2d 474. However, a landowner is not an insurer of an invitee's safety and is not liable for trivial defects. Paschal; Blain v. Cigna Corp., Franklin County App. No. 02AP-1442, 2003 Ohio 4022.
>
> In its decision in Kimball v. Cincinnati (1953), 160 Ohio St. 370, 116 N.E.2d 708, the Ohio Supreme Court held that slight defects in a public sidewalk do not constitute sufficient grounds upon which to impose liability on a municipality. Over the next 11 years, the court refined its analysis, holding that variations in elevation between adjacent sections of a walkway, where the defect complained of involved changes of two inches or less, were only insubstantial imperfections creating no liability for a municipality. The holdings became commonly known as the 'two-inch rule.' The court then extended the 'two-inch rule' to cover privately owned premises. Helms v. American Legion, Inc. (1966), 5 Ohio St.2d 60, 213 N.E.2d 734, syllabus. In Helms, the court held that the owner or occupier of private premises, just like a municipality, would not be liable for minor imperfections that are commonly encountered and are not unreasonably dangerous.

> In Cash v. Cincinnati (1981), 66 Ohio St.2d 319, 421 N.E.2d 1275, paragraph two of the syllabus. The Supreme Court of Ohio clarified the 'two-inch rule,' stating that courts must also consider any attendant circumstances in determining whether liability exists for trivial defects. The holding in Cash established that a height difference of two inches or less is insubstantial as a matter of law, but the defect may be proven substantial by showing sufficient attendant circumstances. Attendant circumstances are 'any distraction that would come to the attention of a pedestrian in the same circumstances and reduce the degree of care an ordinary person would exercise at the time.' Blain, supra, at ¶ 11 quoting France v. Parliament Park Townhomes (Apr. 27, 1994), Montgomery App. No. 14264, 1994 Ohio App. LEXIS 1793.
>
> In this case, the trial court found that the 'two-inch rule' applies to the 'hump' or 'slope' and that no attendant circumstances exist. We agree."

Id. at ¶¶ 10-14. It is with this law in mind that the Court must now render its decision as to Defendants' motion.

*Id.* at 3-4.

{¶ 8} The trial court then proceeded to apply the facts to the law and rendered the court's decision:

> The only evidence before the Court is that the protruding stone paver upon which Mrs. Dubenion fell was almost a half-inch in height. Since this is so, the two-inch rule applies to this case. There are no attendant circumstances in this matter that would negate the application of the two-inch rule. Therefore, Defendants did not owe Mrs. Dubenion a duty to protect her from the protruding stone paver and her claims against Defendants fail. Consequently, Mr. Dubenion's claim for loss of consortium also fails. Finally, the affidavit of Walter C. Dubenion will not serve to create an issue of fact in this matter. Defendants' motion must be granted.
>
> After review and consideration, the Court finds Defendants' motion to be well-taken, and is hereby GRANTED. Judgment

> is hereby rendered in Defendants' favor. Plaintiffs' Complaint
> is hereby DISMISSED WITH PREJUDICE.

(Emphasis sic.) *Id.* at 7.

## II. ASSIGNMENTS OF ERROR

{¶ 9} Appellants appeal, assigning the following two errors for our review:

[I.] THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING DEFENDANTS/APPELLEES' MOTION FOR SUMMARY JUDGMENT ON THE BASIS THAT THE DEFECTIVE SIDEWALK WAS A MINOR DEFECT OF LESS THAN TWO (2) INCHES.

[II.] THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT AGAINST PLAINTIFFS IN THAT REASONABLE MINDS COULD DIFFER REGARDING THE PRESENCE OF ATTENDANT CIRCUMSTANCES.

## III. STANDARD OF REVIEW

{¶ 10} Appellate review of summary judgment motions is de novo. *Helton v. Scioto Cty. Bd. of Commrs.*, 123 Ohio App.3d 158, 162 (4th Dist.1997). "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." *Mergenthal v. Star Bank Corp.*, 122 Ohio App.3d 100, 103 (12th Dist.1997). We must affirm the trial court's judgment if any of the grounds raised by the movant at the trial court are found to support it, even if the trial court failed to consider those grounds. *Coventry Twp. v. Ecker*, 101 Ohio App.3d 38, 41-42 (9th Dist.1995). However, the party against whom the motion for summary judgment is made is entitled to have the evidence most strongly construed in that party's favor. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997).

{¶ 11} A "party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." *Dresher v. Burt,* 75 Ohio St.3d 280, 293 (1996). In accordance with Civ.R. 56(E), when a properly supported motion for summary judgment is made, the nonmoving party may not rest upon the mere allegations or denials contained in the pleadings but must come forward with specific facts demonstrating a genuine issue of fact

for trial. If the nonmoving party does not so respond, summary judgment, if appropriate, shall be entered against him.

## IV. MOTION FOR SUMMARY JUDGMENT PROPERLY GRANTED

{¶ 12} Appellants argue that the "trial court erred in concluding that the difference in elevation between the paver stones was less than two inches." (Appellants' Brief at 8.) Mr. Dubenion testified that the difference in elevation was "almost a half-inch." (Walter Dubenion Depo. at 19.) Appellant states that Mr. Dubenion's "affidavit supplemented and clarified his deposition testimony," and such testimony can be considered to create genuine issues of material fact sufficient to defeat a motion for summary judgment. (Appellants' Brief at 16.) However, excluding the affidavit of Mr. Dubenion, there is no evidence that the height of the differential was more than two inches.

{¶ 13} Mr. Dubenion's affidavit fails to satisfy the standards set by the court in *Byrd v. Smith*, 110 Ohio St.3d 24 (2006), for justifying a contradictory affidavit attached to a brief in opposition to a motion for summary judgment. The *Byrd* court held that " 'when an affidavit is inconsistent with affiant's prior deposition testimony as to material facts and the affidavit neither suggests affiant was confused at the deposition nor offers a reason for the contradictions in her prior testimony, the affidavit does not create a genuine issue of fact which would preclude summary judgment.' " *Id.*, quoting *Lemaster v. Circleville Long Term Care, Inc.,* 4th Dist. No. 87 CA 2 (Feb. 22, 1988).

{¶ 14} Additionally, Mr. Dubenion's affidavit relies on unauthenticated photos of the stone paver in question. Contained in the one photo is a blank index card set against the protruding stone paver in an errant attempt to demonstrate that the defective paver measured two inches or more. The trial court found that, even if it could consider the photos, the photo with the white card is not helpful as there are no metrics to determine the height of the protruding stone paver. The trial court indicated that it has "no idea how big the white card is and as such, can make no estimation of the height of the protruding stone pave[r]." (Sept. 1, 2015 Decision & Entry at 5-6.) Consequently, the trial court properly determined that it could not consider the unauthenticated photos as evidence.

{¶ 15} Ohio law has remained steadfast over the years, a claimed defect in sidewalks that is two inches or less is an "insignificant, trivial and unsubstantial condition, which is not actionable as a matter of law." *Cash v. Cincinnati*, 66 Ohio St.2d 319, 323 (1981). Attendant circumstances are " 'any distraction that would come to the attention of

a pedestrian in the same circumstances and reduce the degree of care an ordinary person would exercise at the time.' " *Humphries v. C.B. Richard Ellis, Inc.*, 10th Dist. No. 05AP-483, 2005-Ohio-6105, quoting *Blain v. Cigna Corp.*, 10th Dist. No. 02AP-1442, 2003-Ohio-4002. "The attendant circumstances must, taken together, divert the attention of the pedestrian, significantly enhance the danger of the defect, and contribute to the fall. * * * Both circumstances contributing to and those reducing the risk of defect must be considered." *Stockhauser v. Archdiocese of Cincinnati*, 97 Ohio App.3d 29, 34 (2d Dist.1994).

{¶ 16} Appellants point to three alleged attendant circumstances present at the time Mrs. Dubenion fell: (1) traffic in the parking lot; (2) hedges around the walkway; and (3) a sharp corner. However, without Mr. Dubenion's affidavit, the record is void of any evidence of the above alleged attendant circumstances. Mrs. Dubenion specifically testified at her deposition that the hedges did not block her view of the protruding stone paver or the possible vehicular traffic. (Mrs. Dubenion Depo. at 108, 129, 150.) She gave clear and repeated testimony that she was halfway up the stone paver walkway when she fell. Mrs. Dubenion never testified about any sharp corner or difficulty in seeing the stone paver walkway due to the hedges or the corner she navigated to get to the walkway. Instead, Mrs. Dubenion testified that she was looking straight ahead and was not looking at where she was walking. (Mrs. Dubenion Depo. at 134-36.) There were no attendant circumstances when she fell that would preclude the trial court from applying the two-inch rule.

{¶ 17} Based on our review of the facts and the relevant law, we agree with the trial court. Appellants did not present sufficient evidence that would convince this court that attendant circumstances existed to preclude the application of the trivial imperfection doctrine. Therefore, there is no genuine issue of material fact for trial. For the foregoing reasons, appellants' assignments of error are overruled.

## V. DISPOSITION

{¶ 18} Having overruled appellants' assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK and BRUNNER, JJ., concur.

————————————